**COMMUNITY SAVINGS AND LOAN ASSOCIATION, Appellant,**

**v.**

**R. L. FISHER et ux., Appellees.**

**No. 11369.**

Court of Civil Appeals of Texas.

Austin.

March 9, 1966.

Rehearing Denied April 6, 1966.

Raymond L. Kneese, Fredericksburg, Bryce A. Taylor, Burnet, for appellant.

Harold G. Kennedy, Austin, for appellees.

HUGHES, Justice.

This is a declaratory judgment case in which the principal question is whether a borrower who procures a 5% discount loan the note providing that "In the event of prepayment of the entire balance before maturity, the holder agrees to credit to said note all unearned interest * * *" is charged with knowledge, as a matter of law, that "the sum of digit method" is the method by which the rate at which interest was earned is computed.

Appellees had no knowledge of this or any other method of computing interest or rebate of interest on a 5% discount loan.

Mr. Reuben Eckhardt, Treasurer of appellant, testified that the "sum of digits" method was the customary way of figuring interest rebates in his organization on discount loans.

The facts are these:

Mr. R. L. Fisher and wife, Barbara Ann Fisher, on June 23, 1960, procured a loan from Fredericksburg Savings and Loan Association, now the appellant, secured by a deed of trust lien on certain described realty. The note executed by the Fishers was in the principal sum of $10,800.00 payable in 120 installments of $90.00, without interest. The note recited, "The original net amount of this note is $7,200.00. The note also contained the provision that "In the event of prepayment of the entire balance before maturity, the holder agrees to credit to said note all unearned interest * * *"

A loan settlement statement of the same date as the note, and furnished by appellant, recited, "Rate of Interest Disc—5%."

There is no dispute about the amount of money paid by appellees on the note. On September 18, 1964, they had paid on the note, principal and interest, the sum of $8,584.93. On such date appellees tendered to appellant the sum of $145.07 as payment in full of the balance due on such note, principal and interest, as of October 1, 1964, plus $75.00 prepayment fee, or a total of $220.07.

On this date, the loan had run for 51 months. Appellees calculated the interest paid on the note by taking the amount of interest earned on $7,200.00 for one month at 5%, $30.00, and multiplying this by 51, which is $1,530.00. This when added to the money actually received equals $8,730.00. The difference between this amount and the amount of payments made $8,584.93, is $145.07, which amount, appellees have tendered. The Trial Court accepted this calculation and has rendered judgment accordingly.

Appellant's "sum of the digits" method is explained by Mr. Eckhardt as follows:

"This is a method whereby it closely resembles simple interest. In other words, when your loan balance is raised, higher percentage of interest is returned; as your principal decreases, interest decreases, and it is figured according to the number of years the loan has to run. Each number of years has a separate chart we go by.

\* \* \* \* \* \*

Q In the usual method of business operation in your organization, do you make use of any tables or other aids that are used in calculating such rebates when partial payments are made?

A Any other aids?

Q Do you make use of any tables or any other previously calculated result?

A We use the standard tables on all these discount type loans.

Q You refer to a standard table. Is that a table that is prepared by your organization?

A It is prepared by our organization from five years on up, and our so-called accounting guide, it just goes up to a period of five years, so we prepared these charts from five years on up.

\* \* \* \* \* \*

On June 10, when this prepayment was made of $2500.00, our record showed balance on this loan was $7961.74. At this time, the loan had run a term of thirty-five months, so, looking at our chart showed that .50344 of the total discount had been earned up to this point. Of course, total discount was $3600.00. Multiplying this out would give us $1812.-38. This can be considered as being unearned discount up to this date. Subtracting this from his—what we call—gross balance, left us a net balance of $6149.36. His prepayment at this time was $2500.00. That left him a net amount due of $3649.36, and his monthly payments on this note for the full term, I believe, was $90.00. That is to be applied on the face of the note. Now, since he just had $3649.36 to be paid, net balance due, we had to refigure what term would be required at which $90.00 per month would repay this net amount, and we determined it to be four years, so we re-added, went through the same procedure as Mr. Kennedy went here, and gave him interest at discount for term of four years, which was $729.87, the discount for the term which would be remaining term to pay off this net amount here was our gross amount, see, $4379.23, so this amount would be paid off, if normal payments had been made and no other lump sum payments would have been made, it would take four years to pay off this loan at $90.00 per month."

On cross examination Mr. Eckhardt testified:

"Q Now, your tables that you have drawn up to do this figuring by, isn't it true that that basically figures out about 8.59, or 8.6 per cent on the unpaid balance.; isn't that about what your tables would gear the thing to?

A .On the average, it would be eight and a half or nine per cent. Right.

Q And your position in your lawsuit is that you are entitled to, under your tables, about 8.5 or 9 per cent on the unpaid balance and not 5 per cent on the total amount; isn't that what we are getting down to?

A Well, we are entitled to more money when there is a bigger outstanding balance than where later on, when there is a small balance; we prorate the interest according to that table over the amount of outstanding indebtedness.

\* \* \* \* \* \*

Q Mr. Eckhardt, I will ask you to observe the note which has been offered in evidence. Do you observe anywhere on the face of that note a statement that this will be discounted according to the terms of any banking table or any other table on prepayment?

A No, sir, does not."

The court elicited from Mr. Eckhardt this testimony:

"Mr. Eckhardt, on Plaintiffs' Exhibit No. 3, at the top of the page this loan settlement statement, where it says 'Rate of Interest,' there follows the word 'Disc—5%.' Will you explain to me what that means?

A 'Disc' is provision for discount of 5%.

THE COURT: What does 'discount at 5%' mean?

A Well, I understand it to be, it is the interest for the term of the loan added to the face amount of the note. In other words, a ten year note at 5% discount would be fifty per cent as to the face of the note.

THE COURT: And as you understand it, that is the difference between a straight 5% loan and discount 5% loan?

A Yes, sir."

The balance of principal due on the loan calculated under the "sum of digits" method is $874.09.

It is our opinion that the judgment of the trial court, consistent with appellees' method of computing the amount of unearned interest on the note under facts, should be, and it is hereby, affirmed.

■ We believe that the amount of interest to be rebated should be calculated on the same basis as it was calculated at the inception of the loan. This method, as the facts conclusively show, was that 5% per year on the total amount of money advanced, $7200.00, for the full loan period, 10 years, was calculated and the amount, $3600.00, was added to the face of the note, $10,800.00. This demonstrates that the interest was calculated on the basis of $360.00 per year and, in our opinion, it should be rebated on the same basis.

Appellant's contention that the interest earned and unearned should be calculated on a scale proportioned to the amount of unpaid principal is not, remotely, within the contemplation of the parties as evidenced by the terms of their agreement.

■ We hold, under this record, that the "sum of digits" method of calculating rebate of unearned interest under a discount loan is not so commonly known or understood that appellees were, as a matter of law, charged with knowledge of it or bound by it.

Appellant argues that the judgment of the trial court would result in rendering the note usurious in the last year. However this may be, appellant cannot take advantage of it for the reason that the defense of usury is personal to the borrower.

Appellant also contends that if interest earned is not to be computed by the method it advocates and is to be calculated on the basis of 5% annually of the principal of the note, that the principal of the note should be taken to be $10,800.00 and not $7,200.00.

We overrule this contention. The face of the note was $10,800.00, but the interest bearing principal of the note was $7,200.00, the amount of cash advanced to the borrower. The $3,600.00 added to the face of the note was interest, not principal.

The judgment of the trial court is affirmed.

Affirmed.