George E. VORDENBAUM et ux., Linda Vordenbaum, Appellants,

v.

Barry D. RUBIN et ux., Patricia Ann Rubin, Appellees.

No. 20403.

Court of Civil Appeals of Texas, Dallas.

Dec. 10, 1980.

Jerry W. Biesel, Dallas, for appellants.

Lawrence Fischman, Weil, Craig & Fischman, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

GUITTARD, Chief Justice.

In this suit for specific performance of a contract for sale of a residence, the trial court, sitting without a jury, rendered judgment for the buyers requiring the sellers to convey the property in accordance with the contract. The sellers appeal on the ground that approval of a note holder was required but was not obtained and also on the ground that another note which the contract obligated the buyers to sign would have been usurious. We hold that the sellers have no standing to raise the question of lack of approval by the note holder or to avoid the contract because of usury. Accordingly, we affirm.

### Approval of Note Holder

■ The contract provides that the buyers shall assume payment of the balance of a third-party second-lien note in the amount of approximately $10,000. The provision requiring approval of the note holder is as follows:

4. FINANCING CONDITIONS: If a noteholder ... (iii) requires approval of Buyer or can accelerate the Note and Buyer does not receive from the Noteholder written approval and acceleration waiver prior to the Closing Date, Buyer may terminate this contract and the Earnest Money shall be refunded. Buyer shall apply for the approval and waiver under (iii) above within 7 days from the effective date hereof and shall make every reasonable effort to obtain the same.

The evidence shows that the second-lien note in question was held by Northpark National Bank and was secured by a deed of trust which gave the holder the right to accelerate the note in the event of a sale of property. The sellers defended the suit in the trial court, and urge here, that the contract never became effective because approval and waiver by the bank was a condition precedent to the effectiveness of the contract, and the buyers never made any application for such approval and waiver.

We do not agree because the contract by its terms authorizes the buyers rather than the sellers to terminate the contract for lack of approval by the note holder. We recognize that the last sentence of the quoted provision imposes on the buyers a mandatory requirement to apply for the approval and waiver within seven days and to "make every reasonable effort to obtain the same." The contract makes no provision, however, that it should not take effect unless the approval and waiver should be obtained. We do not think such a condition should be implied. A more reasonable interpretation, in our view, is that the last sentence of the quoted provision is a limitation on the buyers' right to terminate in the event of lack of such an approval and waiver. In other words, the buyers have no right to terminate on that ground unless they have applied for approval in writing within the seven days and have made every reasonable effort to obtain it. If such approval is not obtained, the buyers can obviate this condition by paying off the note. If the bank refuses to accept the money, it would, in effect, approve the sale and waive its right of acceleration.

We recognize that if the note is not paid off approval of the sale by the note holder might benefit the sellers as well as the buyers, in that the sellers would remain liable on the note and approval of the note holder would protect the sellers as well as the buyers against acceleration of the note because of the sale. This possible benefit, however, does not justify implication of a condition precedent or a right of the sellers to terminate when no such provision is contained in the contract. In any event, the sellers cannot complain that the decree subjects their obligation on the note to possible acceleration, since the decree requires payment and release of the second-lien note as a condition of their performance.

### Usury

More difficulty is presented by the sellers' contention that the third-lien note provided by the contract would be usurious on its face, according to the terms of the contract, and that the court could not properly decree specific performance of a transaction creating a usurious obligation. The buyers

concede that the note would be usurious, but argue that the right to assert a claim of usury is personal to the obligors and may be waived or asserted at their election.

We conclude that a seller cannot avoid enforcement of a contract for the sale of land on the ground that it provides for a purchase money note bearing interest at greater than the maximum legal rate. The Supreme Court of Minnesota so held in *Utterberg v. Cameron*, 282 N.W. 536 (Minn. 1979), and we find no Texas authority to the contrary. When contracts are illegal for other reasons, courts refuse to enforce them and leave the parties as they find them. *Mercury Life & Health Co. v. Hughes*, 271 S.W.2d 842, 846 (Tex.Civ.App. —San Antonio 1954, writ ref'd). The usury law, however, does not render a usurious contract wholly void. The statute imposes a penalty of three times the usurious interest contracted for, charged or received. Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon Supp. 1980). Under this statute, the contract is enforceable, provided allowance is made for the penalty. *Wall v. East Texas Teachers Credit Union*, 526 S.W.2d 148, 151–4 (Tex.Civ.App.—Texarkana 1975), *rev'd on other grounds*, 533 S.W.2d 918 (Tex.1976). In the case last cited, the supreme court remanded the cause to the trial court with instructions to render judgment for the lender, less the penalty, although the borrower had pleaded that the note was illegal and unenforceable. *Wall v. East Texas Teachers Credit Union*, 533 S.W.2d 918, 922 (Tex.1976). *Accord: Graham & Locke Investments, Inc. v. Madison*, 295 S.W.2d 234, 245 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.).

Moreover, usury laws are enacted for the special protection of debtors, and, therefore, only debtors may claim their benefits. *Community Savings & L. Ass'n v. Fisher*, 400 S.W.2d 927, 931 (Tex.Civ.App.— Austin 1966), *rev'd on other grounds*, 409 S.W.2d 546 (Tex.1966); *Guardian Consumers Finance Corp. v. Langdeau*, 329 S.W.2d 926, 936 (Tex.Civ.App.—Amarillo 1959, no writ); *Glenn v. McCarty*, 75 S.W.2d 162, 164 (Tex.Civ.App.—Amarillo 1934, no writ); *International Bldg. & L. Ass'n v. Fortassain*, 23 S.W. 496, 498 (Tex.Civ.App.—1893, no writ). The policy of the usury law will not permit a usurer to set up his own usury to avoid his agreement. *Crawford v. General Contract Corp.*, 174 F.Supp. 283, 304 (W.D. Ark.1959); *Maestro Music, Inc. v. Rudolph Wurlitzer Co.*, 88 Ariz. 222, 354 P.2d 266, 271 (1960). The obligor of a usurious note may waive the usury and discharge the debt by paying it in full. *John Hancock Mut. Life Ins. Co. v. Harrison*, 82 S.W.2d 1075, 1078 (Tex.Civ.App.—Waco 1935, writ dism'd). Thus, in this case, the buyers had the privilege of waiving the usury and paying the note, and they may do so at any time, since the contract permits prepayment of principal and interest before maturity without penalty. Consequently, the sellers in this case cannot avoid their obligation under the contract on the ground that the note provided in the contract would be usurious.

We have been concerned whether a court of equity should require one party to sign and another to accept a usurious note if the second party genuinely desires to free the transaction of usury. We do not reach that question, however, because the sellers did not raise it in the trial court. They sought to avoid their obligations under the contract because of usury, but did not offer to accept a note bearing a lawful rate of interest. Neither did they seek reformation of the contract so as to exclude any liability on their part for usury penalties. Consequently, the trial court did not err in rendering judgment for specific performance of the contract according to its terms.

Our former opinion is withdrawn and this opinion is substituted. The motions for rehearing of both parties are overruled and the judgment of the trial court is affirmed.