John L. WALL, Petitioner,

v.

EAST TEXAS TEACHERS CREDIT UNION, Respondent.

No. B–5512.

Supreme Court of Texas.

Feb. 11, 1976.

Rehearing Denied March·17, 1976.

Bankhead & Davis, Tom Bankhead, Carthage, for petitioner.

Whitehead & Beckworth, R. L. Whitehead, Jr., Longview, for respondent.

STEAKLEY, Justice.

This is a suit on a promissory note instituted by East Texas Teachers Credit Union against John L. Wall. The note called for usurious interest on its face and there have been no payments of principal or interest. The judgment of the trial court for the Credit Union was modified by the Court of Civil Appeals "to provide that" the Credit Union "do have and recover of and from the appellant John L. Wall the sum of $20,-

803.48, less a forfeit of $1,814.94 being twice the amount of interest contracted for, leaving a balance of $18,988.54, together with interest on $18,988.54 from September 15, 1971 to October 17, 1974, at the rate of one percent per month on the unpaid balance, being $7,015.56, and together with attorney's fees in the sum of $2,722.00 . . . ." 526 S.W.2d 148. We granted writ of error upon application of John L. Wall, the obligor, and also upon application of the Credit Union. We disagree in several respects with the courts below.

The controlling statutes are these. Art. 5069–1.02 [1] provides:

> Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious.

. . . . .

Art. 2461–7.01 Purpose, terms, and interest rate

> If made in accordance with rules and regulations promulgated by the commissioner, a credit union may make loans to members for such purposes and on such security and terms as the credit committee, credit manager, or loan officer approves, at rates of interest not exceeding one percent per month on the unpaid monthly balance.

Art. 5069–1.06, Subsection (1) provides:

> Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

The note provided as follows:

"Note No. <u>22724</u> Account No. <u>3329–99</u>
$19,896.01          May 7, 1971

For Value Received, I/We jointly and severally, promise to pay to the <u>EAST TEXAS TEACHERS CREDIT UNION</u> Credit Union, or order, at <u>LONGVIEW, TEXAS</u> the sum of <u>Nineteen hundred eight hundred ninety-six</u>___and <u>01</u>/100 Dollars, payable in <u>1</u> installments of <u>Seven thousand</u>_____and <u>No</u>/100 Dollars, and <u>1</u> installment of <u>Seven thousand</u>____and <u>No</u>/100 Dollars 1 at $6,803.48 due September 15, 1971
(X) which includes principal and interest
( ) plus interest
on the unpaid balances at the rate of <u>One</u> percent per month, both before and after maturity, the installments to be paid (X) monthly ( ) semi-monthly ( ) weekly ( ) bi-weekly beginning <u>June 15, 1971</u>
Collateral: <u>Shares, 170 head mixed cattle</u>
 *    *    *    *    *    *    *    *
SIGNATURE OF     SIGNATURE OF MAKER    ADDRESS
  WITNESSES         AND COMAKERS

_____        X   John L Wall"   _____

The note is ineptly drawn but its terms can reasonably be determined. There is first the matter of its principal stated in figures as $19,896.01 but in the body as "Nineteen hundred eight hundred ninety-six and 01/100 Dollars." Wall argues ambiguity between the figures and the words of the note and that this calls for a construction in his favor to reach a principal sum of $2,796.01, i. e., $1900 plus $896.01. We are in agreement with the Court of Civil Appeals for the reasons there stated that the principal of the note was in the sum of $19,896.01.

There is then the recitation that the note is "payable in one installment of Seven thousand ___ and No/100 Dollars, and one installment of Seven thousand ____ and No/100 Dollars, one at $6,803.48 due September 15, 1971," but with no statement of the date on which the first two installments are payable. The later checking of the box " . . . the installments to be paid (X) monthly . . . beginning June 15, 1971" indicates that the first installment is payable June 15, 1971, the second on July 15, 1971, with the final installment "due September 15, 1971," as previously recited.

That the recited installment payments included interest before the maturity date of

_____

1. References are as carried in Vernon's Texas Civil Statutes.

each installment is established by the check in the box "(X) which includes principal and interest" immediately succeeding the installment recitation, together with a comparison of the principal with the total of the three installments. It is not disputed that the note by its terms requires the payment of usurious interest subjecting the Credit Union to the penalty provided in Subsection (1) of Art. 5069–1.06, quoted above.

■ There then follows the unchecked box "( ) plus interest on the unpaid balances at the rate of one percent per month, both *before* and after *maturity* . . . ." It is evident that this was an intentional omission. As stated above, the recited installments included principal and interest before the maturity date of each installment and an additional interest of one percent per month *before maturity* of each installment would therefore be inconsistent with the other terms of the note and would not be a fair or reasonable construction of the intention of the parties. Moreover, a construction of the note to this effect, i. e., as not calling for additional usurious interest of one percent per month *before maturity* on the previously recited amounts due in installment payments which included principal and usurious interest, comports with the established rule in Texas of not finding usury if the language of the contract, taken as a whole, is fairly susceptible of that construction. See *Walker v. Temple Trust Company,* 124 Tex. 575, 80 S.W.2d 935 (1935) and *Imperial Corp. of America v. Frenchman's Creek Corp.,* 453 F.2d 1338 (5th Cir. 1972). Under this construction the note carries no provision for interest after maturity thus invoking the rule of *General American Life Ins. Co. v. Hamor,* 95 S.W.2d 975 (Tex.Civ.App.1936, writ ref'd), where, as here, a usurious transaction was disclosed on the face of the instruments. The Court sustained the contention that the holder was entitled to recover at the legal rate of six percent per annum on the balance of the debt unpaid. See to the same effect, *Deming Inv. Co. v. Clark,* 89 S.W.2d 853 (Tex.Civ.App.1935, no writ). It was reasoned that the statutory provision for interest became applicable since the agreement of the parties was usurious and they had not agreed upon a specified rate of interest. The Credit Union is accordingly entitled to recover interest on the sum payable after it became due pursuant to Art. 5069–1.03 which provides:

1.03 Legal rate applicable

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; . . .

■ We further disagree with the Court of Civil Appeals in the award of usurious interest against which the statutory forfeit was applied. Under Subsection (1) of Art. 5069–1.06, quoted above, the statutory penalty is twice the amount of usurious interest contracted for, charged or received. The judgment of the Court of Civil Appeals allowed a recovery against Wall, the obligor, of the principal of the note and of the usurious interest before maturity called for by its terms, less the statutory forfeit of twice the amount of the usurious interest. We are of the view that this is contrary to the statute. A penalty of twice the amount of usurious interest contracted for is not effected if Wall, the obligor, is required to pay the usurious interest. In such event the forfeit in his favor is not twice the interest contracted for, but only once. Unquestionably, the terms of the statute demonstrate the legislative purpose that as to interest a usurious contract is unenforceable.

■ Now to the application for writ of error of the Credit Union. It contends for an affirmance of the judgment of the trial court for the full amount of principal, interest and attorney's fees upon two claims. It says that the penalties for usury under the

statute are recoverable only by independent action or counterclaim, and may not be recovered by defensive credit or offset. We are in agreement with the ruling of the Court of Civil Appeals against this contention for the reasons there stated.

█ Secondly, the Credit Union argues that "the Court of Civil Appeals failed to take into account that the trial court impliedly found that usurious interest charged by the Credit Union was the result of an accidental and bona fide error," thus excusing it from the statutory penalty under Subsection (1) of Art. 5069–1.06.

There is no basis in the record for an implied finding to this effect. There was no claim by the Credit Union in the trial court that its charging of usurious interest was the result of accidental and bona fide error. The Credit Union declared on the note, a copy of which was attached to and made a part of its petition, for an unpaid balance of $26,717.51. Wall answered by general denial and specially alleged, but without verification by affidavit, that "plaintiff's suit is based upon an instrument which would constitute an illegal loan under the laws of the State of Texas and in violation of the statutes of the State and is accordingly unenforceable against the defendant." There were no further pleadings by the Credit Union. Trial was to the court and the Credit Union introduced the note in evidence. It offered no evidence, as it had not pleaded, that the terms of the note requiring the payment of usurious interest resulted from accidental and bona fide error.

Finally, and for the first time in its post-submission brief, and in event of a reversal of the judgment of the Court of Civil Appeals, the Credit Union seeks a remand of the cause in the interest of justice for determination in the trial court of the issue of whether it contracted for usurious interest as the result of an accidental or bona fide error. The Credit Union asserts the justice of this disposition upon the claim that it was not given an opportunity to present this defense because Wall did not verify his pleadings as required by Tex.R.Civ.P. 93(1); and that Wall did not assert that the contract sued upon was usurious until the filing of his brief as appellant in the Court of Civil Appeals. The Credit Union charges that it had no way of knowing that it had made a mistake in contracting for usurious interest, and that the tactics of Wall "sandbagged" the trial court.

We have noted earlier the trial posture of the parties; also that the note upon which the Credit Union declared, and of which it was the author, discloses on its face that it required the payment of unenforceable usurious interest. So this was a matter that appeared of record and in the face of Wall's pleading that the note constituted an illegal loan, we are unable to conclude that either the Credit Union or the trial court were yet without notice or were reasonably unmindful of the assertion of the usury defense. We also note that while it is acknowledged by the Credit Union that this defense was expressly claimed by Wall in his brief as appellant in the Court of Civil Appeals, the Credit Union did not in its brief as appellee assert or claim its right to a remand in the interest of justice for the reasons it asserts here.

The judgments of the trial court and of the Court of Civil Appeals are reversed. The cause is remanded to the trial court for the entry of judgment in favor of the Credit Union for the principal amount of the note, less a forfeit of twice the amount of usurious interest contracted for before maturity, plus interest at the rate of six percent per annum on the sums payable after becoming due; and for a determination by the trial court of the amount of attorney's fees for which Wall is additionally liable.