**Ex parte Roger Truett McCONNELL, Relator.**

**No. B2113.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 25, 1979.

Sam J. Meador, Houston, for relator.

Carol S. Vance, Dist. Atty., R. H. Elder, Asst. Dist. Atty., Houston, for respondent.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

COULSON, Justice.

This is a habeas corpus case. Robert Truett McConnell was adjudged in contempt of court for failing to comply with an order of child support entered in connection with his 1977 divorce. He was sentenced to three days in jail and for as long thereafter as he refused to pay the stated arrearage.

Relator urges, inter alia, that he is being detained illegally by virtue of defects in the application and order for show cause hearing. We agree, and accordingly grant relator's motion for writ of habeas corpus.

Both the application and order were on a printed form prepared by the Harris County District Attorney's Office. The application included the following prayer:

> Wherefore, Premises Considered, Relator [Assistant District Attorney of Harris County] prays this Honorable Court that Respondent be cited to personally appear before this Court and Show Cause why an order adjudging and *decreeing that Respondent pay for the maintenance and support of his child(ren) should be entered*, and that such writs and process issue as may be necessary in these proceedings and to require Respondent's personal appearance at such proceedings (emphasis added).

The order read as follows:

### ORDER FOR SHOW CAUSE HEARING

This the 6 day [sic] of Dec., 1978, after having considered the foregoing application, it is ORDERED that the Respondent, _____, have issued to him, by the Clerk of this Court, a Notice to be and personally appear in the Courtroom of the 308 Judicial District Court of Harris County, Texas, in the Family Law Center Building, 1115 Congress, Houston, Texas at 1:30 P.M. on the 1st day of Feb., 1979, when he shall Show Cause, if any he has, why *an Order of Support* should not be entered (emphasis added).

■ In any constructive contempt case it is essential, to comply with due process, that the respondent be given proper notice of the proceeding to be had against him. This takes the form of an order to appear and show cause why an order of contempt should not be entered, such as is provided for in Tex.R.Civ.P. 308–A, Enforcement of Decrees in Child Support Orders. *Ex Parte Gordon*, 22 Tex.Sup.Ct.J. 295 (April 7, 1979); *Ex Parte Davis*, 161 Tex. 561, 344 S.W.2d 153 (1961).

It is apparent here that relator received no notice of the institution of a contempt proceeding against him. The application requests him to appear and show cause why a *decree that he support his child* should be entered. The order commands him to show cause why an *order of support* should not be entered. The district attorney's office acknowledges a typographical error in the application, but contends that the wording of the order is correct. We disagree. This document notified relator only that a support order might be entered. Nowhere by its terms did it apprise him of the fact that a contempt hearing on a prior order was contemplated and that he was in danger of losing his liberty. In effect relator was brought into court under false pretenses.

The State argues that he had notice that he was in court on a child support matter, that he knew that he was in violation of a prior order, and that therefore he had sufficient notice of a contempt proceeding. This argument is without merit. The evidence put on by relator at the show cause hearing, that he is totally without funds, is consistent with an attempt on his part to show why an order of support should not be entered. This is the only issue joined by the pleadings.

The State further argues that in failing to object to the pleadings, relator waived any error therein. This is likewise without merit. The application and order contained no obvious defect. They contemplated only a show cause hearing for the entry of a support order. Relator was entitled to rely upon this, and waived nothing by failing to specially except.

When dealing with a subject as significant as a man's liberty, it is reasonable to require that the pleadings conform to due process and to the procedure set out in the authorizing rule and that the respondent receive proper notice of the burden which he must meet and the sanctions which may be imposed upon him. Because the application and order for show cause hearing contained defects which resulted in improper notice, relator's motion for writ of habeas corpus is granted and relator is ordered discharged.