REALTEX CORPORATION, Appellant,

v.

John K. TYLER, Trustee, et al, Appellees.

No. 17838.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 22, 1981.

Sullivan, Bailey, King, Bishop & Sabom, Peter B. Camp, George Bishop, Houston, for appellant.

Payne, Gilpin, Maynard & Parsons, Michael A. Pohl, Houston, for appellees.

Before EVANS, C. J., and WARREN and DOYLE, JJ.

EVANS, Chief Justice.

This is an action for damages based upon a claim of usury. The trial court, sitting without a jury, found the parties' contract to be usurious and awarded damages to the plaintiff in the amount of $50,000, being double the amount of interest charged under the contract, and an additional sum of $5,000 as attorney's fees. The trial court then entered judgment in favor of the defendants on their counterclaim for the amount $63,461.65, representing principle, interest and attorney's fees computed on the indebtedness, after crediting $65,000.00 received upon a foreclosure sale and offsetting the amount of $55,000.00 awarded to the plaintiff. The trial court's judgment, as herein modified, will be affirmed.

The first question for this court's consideration, raised by the defendants' cross-point, is whether the appeal should be dismissed because of the plaintiff's failure to reinstate its corporate charter, forfeited by the Secretary of State.

The defendants have filed with this court a copy of a certificate of the Secretary of State, showing that the plaintiff's charter was forfeited on March 13, 1978, pursuant to Tex.Tax.—Gen.Ann. art. 12.17 (Vernon 1969). Therefore, at the time the plaintiff filed its original action on July 26, 1978, it had forfeited its right to do business in this State and had no right to sue or defend in the courts of this State. Because the plaintiff's charter has not been shown to have been reinstated, the plaintiff would not be permitted to prosecute this appeal unless the defendants waived the defect by failing to raise the issue in the trial court. *Rimco Enterprises, Inc. v. Texas Electric Service Co.*, 599 S.W.2d 362, 365 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n. r. e.).

■ It has been held that in order to complain of a party's right to bring and maintain an action because of a failure to pay the required franchise tax, the objecting party must raise the issue in the trial court and cannot urge the objection for the first time on appeal. *Frazier v. Waco Bldg. Ass'n*, 25 Tex.Civ.App. 476, 61 S.W. 132, 134 (1901, writ ref'd). *Rimco Enterprises, Inc. v. Texas Electric Service Co., supra.*

■ The defendants in the case at bar concede that they waived any right to complain of the trial court's action in permitting the plaintiff to prosecute its claim to judgment. However, they argue, in effect, that this appeal is a new proceeding brought by the plaintiff, and that the plaintiff should not be permitted to prosecute its appeal in the appellate courts without proof that its charter has been reinstated.

■ This contention will be overruled. Unless an objection to a party's capacity to sue or defend is properly raised in the trial court, the issue is deemed waived throughout the proceedings, including any appeal taken from the trial court's judgment.

■ The next question is whether the plaintiff should be permitted to file an amended brief, raising additional points of error not urged in its original brief.

In its motion seeking leave to file its amended brief, the plaintiff states that its original brief was prepared by a law clerk under the direction of plaintiff's counsel and that because of an unusually heavy trial schedule of plaintiff's counsel, the relocation of counsel's offices, and lead counsel's vacation schedule, plaintiff's original brief failed to fully set forth its contentions. The plaintiff's original brief was filed in this court on April 20, 1981, and this cause was duly set for oral submission on August 27, 1981. The motion seeking leave to file

the amended brief was not filed until August 21, 1981.

The record shows that plaintiff had ample opportunity to amend its original brief prior to the time this cause was set for oral submission. The additional points raised in the amended brief would require postsubmission briefing and response by the defendants, and, if considered by this court, would, in effect, deprive the defendants of their right to orally respond to such points.

Although the briefing rules are to be liberally construed, the courts must interpret the rules fairly and in a manner which will permit an expeditious determination of the appeal. *King v. Cron,* 285 S.W.2d 833 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.), *cert. den.* 352 U.S. 843, 77 S.Ct. 67, 1 L.Ed.2d 59. Except to the extent the amended brief points out an arithmetical error in the trial court's judgment, the plaintiff's motion for leave to file its amended brief is denied.

The plaintiff's original brief contains one point of error in which the plaintiff asserts that the trial court erred in awarding post-maturity interest on the usurious note. In support of this contention the plaintiff makes reference to *Cherry v. Berg,* 508 S.W.2d 869 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Wall v. East Texas Teachers Credit Union,* 533 S.W.2d 918 (Tex.1976); and *Ferguson v. Tanner Development Co.,* 541 S.W.2d 483 (Tex.Civ.App.—Houston 1976), rev'd on other grounds, 561 S.W.2d 777 (Tex.1977).

These cases tend to support the plaintiff's contentions with respect to interest accruing on a usurious contract prior to maturity, but they do not support the plaintiff's contention with respect to post-maturity interest. In *Wall v. East Texas Teachers Credit Union, supra,* our Texas Supreme Court allowed recovery of post-maturity interest on a usurious contract. 533 S.W.2d 918, 922. The point of error is overruled.

In a crosspoint of error, the defendants seek modification of the trial court's judgment to permit recovery of an additional sum of $3250, representing a 5% trustee's fee stipulated in the deed of trust.

The defendants concede that no claim for recovery of the trustee's fee was asserted in their pleading. However, they contend that testimony was introduced without objection showing their entitlement to this fee and that the issue must be deemed to have been tried by consent. In support of this contention, defendants refer to *LaMarque Independent School District v. Thompson,* 580 S.W.2d 670 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

In *LaMarque* a school bus driver obtained judgment against the school district for breach of an employment contract, and on appeal the school district complained of the trial court's failure to grant an offset for monies earned by the driver's employment after breach of the contract. Although the school district had not pled mitigation of damages, evidence was introduced without objection regarding the amount which the driver had earned subsequent to the breach, and the trial court expressly found, as a fact, that the driver had earned such amount of money. The appellate court held that the issue had been tried by consent, notwithstanding the school district's failure to amend its pleadings to conform to the evidence as required by Tex.R.Civ.P. 67, 580 S.W.2d 673.

As a general rule, parties seeking affirmative relief are restricted in their recovery to the claims asserted in the pleading. *Sawyer v. City of San Antonio,* 149 Tex. 408, 234 S.W.2d 398 (1950). An issue may be deemed tried by consent where evidence upon such issue is developed "under such circumstances that it is clear that both parties understood" such issue was in the case and the other party fails to make an appropriate complaint. Tex.R.Civ.P. 67; 2 R. McDonald, Texas Civil Practice, § 5.18 (rev. 1970) p. 52. In *Fikes & Associates v. Walton,* 578 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.), the court said of Rule 67:

"That rule does sanction an unpleaded issue to be treated as raised in the pleadings when it is tried by express or implied

consent; but, the rule is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue. It is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation. *Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corporation,* 165 S.W.2d 221, 224 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w. o. m.)."

In the present case the defendant's counterclaim sought only to recover the principle amount owing on the note, interest and attorney's fees. Although there was some testimony concerning the amount recovered upon the foreclosure sale and with respect to the amount of the trustee's fee, no claim was ever asserted during trial for recovery of the trustee's fee, and the trial court made no findings with respect thereto. The record does not reflect a clear understanding by the parties and the trial court that the trustee's fee was being claimed as an additional item of recovery by the defendants in their counterclaim. No error is shown in the trial court's failure to include the trustee's fee in its award to the defendants on their counterclaim. The defendant's crosspoint is overruled.

The plaintiff's amended brief points out a mathematical error in the trial court's judgment which resulted in the award to the defendants being excessive in the amount of $681.20. Accordingly, the trial court's judgment will be modified so that the net amount awarded to the defendants on their counterclaim is the sum of $7,787.48.

The trial court's judgment, as so modified, is affirmed.

WARREN and DOYLE, JJ., also participating.