**HARRY HINES MEDICAL CENTER, LTD., Appellant,**

v.

**Hugh E. WILSON, Appellee.**

**No. 05–82–00292–CV.**

Court of Appeals of Texas, Dallas.

July 15, 1983.

Rehearing Denied Sept. 2, 1983.

Robert Milbank, Jr., Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellant.

Paul W. Leech, Grand Prairie, for appellee.

Before SPARLING, ALLEN and MALONEY, JJ.

PER CURIAM.

This is an appeal of a take-nothing judgment rendered against Harry Hines Medical Center, Ltd. (Harry Hines). Trial was before the court. Harry Hines sued Hugh E. Wilson for rental payments due under a lease between the parties. Harry Hines argues that the trial court erred in rendering a judgment for Wilson because the judgment does not conform to the findings of fact. It also asserts as error the exclusion of evidence of its reasonable attorney's fees. We reverse the judgment of the trial court and render judgment for Harry Hines in the amount of $39,305.73, which is the amount of unpaid rental payments, plus interest, costs and expenses, less amounts received by Harry Hines in reletting the premises, as found by the trial court. The issue of attorney's fees is remanded to the trial court for a determination of Harry Hines' reasonable attorney's fees.

The record shows that on April 15, 1975, Wilson executed a written lease agreement with 6200 Harry Hines Medical Group, Inc. for the use of an eleven office suite. The agreement called for monthly rental payments of $1,834.00 for a term of five years beginning April 15, 1975. In December of 1975, the property was acquired at a foreclosure sale by Travelers Insurance Group. Pursuant to the terms of the lease, Travelers informed Wilson that it had acquired the building and that his future rental payments "must be made in accordance with [his] lease agreement." Harry Hines acquired the property from Travelers Insurance Group on or about June 1, 1976. As part of the transaction, Travelers assigned all of its rights and obligations under existing lease agreements to Harry Hines. Wilson was notified that Harry Hines had acquired the building and he was informed of where to send his rental payments. Accordingly, Wilson remitted rental payments for the next two years.

During May of 1978, Wilson notified Harry Hines that he was vacating the premises as of August 1, 1978, for reasons of health and a desire to retire. He remained through August 31, 1978, making a rental payment for that month. He made no further rental payments, although Harry Hines continued to make demands upon him for them.

After Wilson's departure, Harry Hines permitted partial occupation of the demised premises by personnel of a nearby hospital which was under construction. This use was authorized in an attempt to expedite completion of the hospital so that new tenants could be found to relet Wilson's office suite. After the hospital was completed the space was successfully relet.

Harry Hines brought suit against Wilson for the unpaid rental payments less amounts received in reletting the premises. After trial, the court orally announced judgment for Wilson on theories of acceptance of surrender and constructive eviction. Harry Hines filed a motion for judgment on

the grounds that acceptance of surrender was not raised as an affirmative defense and that there was no evidence of acceptance of surrender or of constructive eviction. After a hearing, the court rendered a judgment for Wilson. Harry Hines raised its objections again in a motion for new trial which was denied, and thereafter requested findings of fact to be filed by the trial court. The court made its findings and concluded that Harry Hines' action in allowing occupation of the premises was an acceptance of Wilson's offer of surrender and a constructive eviction of him. The court also concluded that the express provision of the lease that any acceptance of surrender be in writing, signed by the landlord, was inoperative and of no legal effect because of the constructive eviction.

■ Harry Hines contends that the findings of fact filed in this case support a judgment in its favor because all of the elements of its cause of action were established by the trial court's findings. For Harry Hines to prevail, it must have alleged and proved that a valid contract existed between it and Wilson; that it had the right under the contract to receive rentals from Wilson; that Wilson breached the contract; and that because of that breach it suffered damages. *See Drexler v. Architectural & Commercial Sales,* 375 S.W.2d 550 (Tex.Civ.App.—Corpus Christi 1964, no writ), *Davenport v. Cabell's Inc.,* 239 S.W.2d 833 (Tex.Civ.App.—Texarkana 1951, no writ). The findings of fact establish: (1) the existence of a valid contract between Wilson and the original lessor, 6200 Harry Hines Medical Group, Inc.; (2) a subsequent acquisition of the property by Travelers Insurance Company; and (3) a transfer of the property and rights and obligations under existing lease agreements from Travelers to Harry Hines. It was stipulated that Travelers gave Wilson the required notice of its intent to continue under the existing lease agreement. Traveler's subsequent conveyance to Harry Hines included a valid lease agreement with Wilson. Therefore, a valid contract existed between Harry Hines, as lessor, and Wilson, as lessee. The lease created a right in Harry Hines to receive monthly rental payments of $1,834.00, and a corresponding duty in Wilson to pay such rental payments. The findings of fact also establish that Wilson made no rental payments after August 31, 1978, although nineteen months remained under the term of the lease. The trial court found that the unpaid rental payments, plus interest, costs and expenses, less amounts received from reletting the premises was approximately $39,305.73. The findings of fact establish every element of Harry Hines cause of action and also establish the amount of damages suffered by it because of Wilson's breach of the lease agreement.

■ The trial court erred in concluding that Harry Hines' conduct in allowing partial occupation of the premises was an acceptance of surrender that cancelled Wilson's remaining rental obligations. We have found no Texas case which finds a surrender by operation of law where the landlord evidences an intent to relet or sell the premises after the tenant has left, even if such intent is communicated to the tenant. If a landlord re-enters and relets the abandoned premises *for his own benefit* a tenant's obligation would cease. *Wheeler v. Thomas,* 328 S.W.2d 891, 896 (Tex.Civ.App. —Beaumont 1959, no writ); *Flack v. Sarnosa Oil Corp.,* 293 S.W.2d 688, 690 (Tex.Civ. App.—San Antonio 1956, no writ). However, the evidence here shows that Harry Hines' conduct in allowing occupation of the premises after Wilson's departure was done in an attempt to mitigate the damages from non-payment of rent. *See Arrington v. Loveless,* 486 S.W.2d 604, 608 (Tex.Civ. App.—Fort Worth 1972, no writ). The conduct of Harry Hines, in continuing to demand rental payments after Wilson's departure, clearly indicates that it did not accept any offer of surrender. The burden was on Wilson to plead and prove that a surrender occurred. *Id.* at 606.

■ The affirmative defense of acceptance of surrender was not raised by appellee's pleadings. Rule 301 of the Texas Rules of Civil Procedure requires that the judgment of the court conform to the

pleadings. Texas case law also makes it clear that a judgment not supported by the pleadings is improper. *See, e.g., Payne v. Laughlin,* 486 S.W.2d 192 (Tex.Civ.App.—Dallas 1972, no writ). Wilson argues that the issue was tried by consent, but viewing the record as a whole, it does not appear that the parties tried this unpleaded issue. *Jay Fikes & Associates v. Walton,* 578 S.W.2d 885 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). The defense of acceptance of surrender appeared for the first time when the trial court pronounced its judgment based on this issue. Harry Hines objected in its motion for judgment that this affirmative defense was neither pleaded nor proved by Wilson. The circumstances here indicate that there was no clear understanding by the parties that the issue was in the case. *Realtex Corp. v. Tyler,* 627 S.W.2d 441 (Tex.App.—Houston [1st Dist.] 1981, no writ); *see also Jay Fikes,* 578 S.W.2d at 889.

▄ Even if the issue of acceptance of surrender had been tried by consent as argued by Wilson, there are no findings of fact to support this conclusion of law. Indeed, this conclusion is in direct conflict with the findings of fact that Harry Hines continued to demand rental payments after Wilson's departure, and that at no time, *either before or after* Wilson's departure, did Harry Hines make any representations that Wilson would not be held responsible for the remaining rental payments. As Wilson did not request additional findings of fact, he waived this ground of defense under Rule 299 of the Texas Rules of Civil Procedure because no element of acceptance of surrender was found. *McKenzie v. Carte,* 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

▄ The trial court also erred in concluding that Wilson was constructively evicted and, therefore, did not have to comply with the provision of the lease requiring any acceptance of surrender to be in writing signed by the landlord. Wilson did plead the affirmative defense of constructive eviction. To successfully avoid a judgment in Harry Hines' favor, it was neces-

sary that Wilson plead and prove: (1) that Harry Hines intended that he no longer enjoy the premises; (2) that some material act by it substantially interfered with his use and enjoyment of the property; (3) that he was permanently deprived of the use and enjoyment of the demised premises; and (4) that he abandoned the premises *after the act, as a direct consequence* of such act. *Michaux v. Koebig,* 555 S.W.2d 171, 177 (Tex.Civ.App.—Austin 1977, no writ); *Richker v. Georgandis,* 323 S.W.2d 90, 95 (Tex.Civ.App.—Houston 1959 writ ref'd n.r. e.). No finding of fact establishes any of the above elements of constructive eviction. Again there is an express finding of fact that directly conflicts with this conclusion of law. The trial court found that Wilson left the premises on or about August 31, 1978, *due to ill health and a desire to retire.*

▄ Wilson contends that the finding of fact that he had notified Harry Hines of difficulties with the heating and cooling system establishes a material act by Harry Hines that substantially interfered with his use and enjoyment of the premises. He argues that since one element of the defense was found it is presumed the trial court found the other elements in support of the judgment. Tex.R.Civ.P. 299; *McDonald v. Afro-American Life Ins. Co.,* 490 S.W.2d 891 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.); *Allied Bldg. Credits Inc. v. Grogan,* 365 S.W.2d 692 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). This finding of fact actually only establishes that Harry Hines was aware of the difficulties experienced by Wilson, and the evidence shows that it responded to his complaints with mixed success. *Cf. Metroplex Glass Center v. Vantage Properties,* 646 S.W.2d 263 (Tex.App.—Dallas 1983, no writ) (alleged deficiencies did not show intent of lessor to permanently deprive lessee of the use of the premises). But assuming, arguendo, that the finding does establish one element of his defense, all of the remaining elements of this defense cannot be presumed in support of the judgment. There is an express finding of fact that negates any presumed finding that he left the

premises as a direct result of some material act by Harry Hines which interfered with his use and enjoyment of the premises. Furthermore, the evidence does not support any other implied findings.

 It is our duty to review the correctness of the legal conclusions drawn from the facts actually found. *Ives v. Watson,* 521 S.W.2d 930 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). In this case, the findings of fact support a judgment for Harry Hines. They do not support the conclusions of the trial court that there was an acceptance of surrender and constructive eviction.

Harry Hines' third point of error complains of the exclusion of evidence of its reasonable attorney's fees. Its petition alleged reasonable attorney's fees of *at least* $5,000.00, and the prayer requested reasonable attorney's fees with no specific amount set out. Wilson objected to evidence of reasonable attorney's fees in excess of $5,000.00 as inadmissible because the petition limited Harry Hines to $5,000.00. The trial court sustained the objection and refused to hear any evidence regarding fees in the event of an appeal. Evidence of Harry Hines' attorney's fees is in the record through a Bill of Exception.

 The trial court erred in excluding evidence of attorney's fees in excess of $5,000.00 since the allegation of the petition stated a minimum amount rather than a maximum amount. *Justice Life Insurance Co. v. Orgain,* 339 S.W.2d 230 (Tex.Civ.App.—Dallas 1960, no writ). It was also error to exclude evidence of what reasonable attorney's fees would be in the event of an appeal. The pleadings were sufficient to authorize an award of attorney's fees on appeal. *Roylex, Inc. v. E.F. Johnson Co.,* 617 S.W.2d 760 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). There is no finding of fact regarding the issue of reasonable attorney's fees. While appellate courts in some jurisdictions may set an amount for attorney's fees, in Texas the award of any attorney fee is a fact issue which must be passed upon by the trial court. *International Security Life Insur-*

*ance Co. v. Spray,* 468 S.W.2d 347 (Tex. 1971). Since no determination has been made by the trial court on the issue of attorney's fees, we cannot make an award of attorney's fees to Harry Hines.

 Where the findings of the trial court would enable an appellate court to ascertain a correct judgment, the appellate court has a duty to enter the judgment that should have been rendered below. Tex.R. Civ.P. 434 (Vernon Supp.1983); *McKenzie v. Carte,* 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Accordingly, the judgment of the trial court is reversed and a judgment is hereby rendered for Harry Hines for $39,305.73. The issue of attorney's fees is remanded to the trial court for a determination of reasonable attorney's fees to be awarded.