**FRANCHISE STORES REALTY CORP., Appellant,**

v.

**M. DAKRI d/b/a Richill Plaza, Appellee.**

No. 01–86–0304–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1986.

Rehearing Denied Nov. 26, 1986.

J. Thomas Scott, Vinson & Elkins, Houston, for appellant.

Hal G. Wolff, Joe G. Bax, Hoover, Cox & Shearer, Houston, for appellee.

Before DUGGAN, COHEN and DUNN, JJ.

OPINION

COHEN, Justice.

Dakri sued Franchise and Southwest Ice Cream Distributors, Inc. (hereafter "Southwest") for rent due under a lease between Dakri and Franchise. Dakri took a nonsuit against Southwest. Cross-motions for summary judgment were filed, and the trial court granted partial summary judgment on liability to Dakri. The parties later stipulated to damages of $31,520 and attorney's fees of $13,750.

Franchise's four points of error contend that the trial court erred in granting summary judgment for Dakri and in denying its motion for summary judgment.

Dakri leased property to Franchise on October 23, 1981. Paragraphs 20 and 21 of the lease provided that:

20. This Lease shall be assignable by Franchise Stores Realty Corp. only and upon such assignment and *upon delivery* to the Lessor of a copy *of the Assignment* of Lease and Assumption Agreement, wherein the Assignee assumes all the terms, conditions and covenants to be performed by the Lessee, *Franchise Stores Realty Corp. shall be released and discharged from any and all obligations under the Lease.* The form of assignment has been approved by the parties hereto, both as to form and substance and shall be used to effectuate any such assignment. It is agreed that the right of assignment of this Lease is restricted to Franchise Stores Realty Corp., the original Lessee herein, with the exception of any reassignment to it by any of its assignees. Franchise Stores Realty Corp., may also sublet all or any part of the leased premises under this Lease for the operation of a CARVEL STORE or for any other lawful business purpose. This privilege of sublease is also restricted to Franchise Stores Realty Corp. and not intended as a right to any of its assignees or sub-lessees.

21. It is understood between the parties herein that upon the execution of the assignment hereinbefore referred to in Paragraph 20, there will be executed a CONDITIONAL RE-ASSIGNMENT OF LEASE as security for the faithful performance of the terms of this Lease and for the faithful performance of the terms of a certain CARVEL retail manufacturer's license agreement. The CONDITIONAL RE-ASSIGNMENT OF LEASE is approved by the parties hereto both as to form and substance. It is agreed that the CONDITIONAL RE-ASSIGNMENT OF LEASE shall only be effective at the option of Franchise Stores Realty Corp., and that Franchise Stores Realty Corp. has the option in its sole discretion to exercise same. The reassignment shall be effected by Franchise Stores Realty Corp. forwarding an executed copy thereof to the Lessor together with an assumption of all the terms and conditions of this Lease and an agreement to remedy all defaults then existing on part of Lessee. It is clearly understood and agreed that Franchise Stores Realty Corp., shall continue to have the rights set forth in Paragraph 20 of the Lease after any such reassignment becomes effective and of obtaining further reassignments as hereinabove provided. Lessor agrees to notify Franchise Stores Realty Corp., of any breach of the Lease in writing sent certified or registered mail, and Franchise Stores Realty Corp. shall have thirty (30) days next following receipt of said notice to cure such breach of the Lease or exercise its right of reassignment of the Lease. In the event the breach of the Lease is not cured within that time or in the event the reassignment is not then effected, Lessor may terminate the Lease in accordance with Paragraph 16 aforesaid.

Pursuant to paragraph 20, Franchise transferred the lease to Southwest, and contemporaneously with the transfer, Franchise and Southwest entered into a conditional reassignment, pursuant to paragraph 21 of the lease. Southwest subsequently defaulted on the lease.

In order for Dakri to prevail, he must show that Franchise has a contractual duty to pay him rent. *Harry Hines Medical Center, Ltd. v. Wilson*, 656 S.W.2d 598 (Tex.App.—Dallas 1983, no writ). Dakri contends that the conditional reassignment created a "reversionary interest" in Franchise, and that, therefore, the purported assignment was actually a sublease, which did not release Franchise under paragraph 20 of the lease.

■ We need not decide whether the transaction between Franchise and Southwest was an assignment or a sublease, because the release in paragraph 20 ended Franchise's liability in either case. The language of paragraphs 20 and 21 is unambiguous. It provides that Franchise may transfer its interest to an "assignee" by execution of an instrument labeled "Assignment of Lease and Assumption Agreement," under which the transferee assumes all of the lease's terms, conditions, and covenants, and that Franchise "shall be released from any and all obligations...." A lease will be given its intended meaning, as revealed by its language. *Ferrari v. Bauerle*, 519 S.W.2d 144, 146 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Neiman-Marcus Co. v. Hexter*, 412 S.W.2d 915 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.).

■ Whether the law labels the transfer made under paragraphs 20 and 21 as an assignment or a sublease is irrelevant to the intentions of the parties. *Frith v. Wright*, 173 S.W. 453, 455 (Tex.Civ.App.—Amarillo 1915, no writ). A landlord can agree to release a tenant from liability under a lease. *Cauble v. Hanson*, 249 S.W. 175 (Tex.Comm'n App.1923, judm't adopted); *Gaddy v. Rich*, 59 S.W.2d 921 (Tex.Civ.App.—San Antonio 1933, no writ). Dakri agreed to release Franchise from all liability and obligation so long as its transferee became obligated under the agreed form of assignment. The transfer accomplished the stated purpose through paragraph two of the Assignment of Lease and Assumption Agreement, which provided that:

The Assignee [Southwest] does ... hereby assume and agree to keep, observe and perform all the terms, covenants and conditions of the Lease ... to be performed, for the balance of the term of the Lease, and upon the terms and conditions therein contained on the part of the lessee to be performed, and agrees to be and becomes liable for the non-performance of the terms assumed.

Dakri approved this language when he entered the lease.

There is no claim that the lease was not freely negotiated. It was foreseeable that a transferree might default, as Southwest did, and the parties agreed to place this risk on Dakri. To now hold Franchise liable would be contrary to Dakri's express agreement.

Dakri's authorities holding the original tenant liable are all distinguishable. None construed a contract expressly and unconditionally releasing the original tenant from liability, and none held that a landlord could not release a tenant and look exclusively to another for performance, when the successor has agreed to be bound.

█ We hold, as a matter of law, that paragraph 20 releases Franchise from liability for rent under the lease. *Rose v. Love*, 368 S.W.2d 889 (Tex.Civ.App.—Austin 1963, no writ). *New Casino, Inc. v. City of Fort Worth*, 198 S.W.2d 602 (Tex. Civ.App.—Fort Worth 1946, writ ref'd n.r. e.).

Appellant's points of errors are sustained. The judgment is reversed, and judgment is rendered that Dakri take nothing.