**Fred FRAZIER and Kooney X–Ray, Inc., Appellants,**

v.

**James B. HAVENS, Shirley E. Frazier, and Groschke Properties, Appellees.**

No. 14–01–00214–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 27, 2003.

Rehearing Overruled May 8, 2003.

David Ryan, Houston, Scott Rothenberg, Bellaire, for appellants.

David Davenport, William J. Robertson, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION

WANDA McKEE FOWLER, Justice.

In five issues, Fred Frazier and Kooney X–Ray, Inc. appeal a judgment in favor of James B. Havens, Shirley E. Frazier, and Groschke Properties in a partnership dispute. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1980, Fred Frazier, James B. Havens, and Marshall Frazier formed a partnership called Groschke Properties. After Marshall Frazier died, his wife, Shirley Frazier, assumed his partnership interest. The partnership purchased a tract of property and executed a bank note to finance the purchase. At one time, separate companies owned by each of the partners leased portions of the property from the partnership. Eventually, only Kooney X–Ray, Inc., the company owned by Fred Frazier, continued to occupy any of the partnership property, and the partnership sold all of the property except the portion occupied by Kooney.

Kooney's lease, executed in 1981, provided for an initial monthly rent of $2,315, increasing to $2,700 after two months. An amendment to the lease further provided the monthly rent specified in the lease was based on the then-existing 20½% prime rate charged by the bank holding the note on the property, but the monthly rent would be adjusted in unison with adjustments in the bank's prime rate, up to a rate of 24%. At first, Kooney paid rent directly to the partnership which in turn paid the bank note. Later, Kooney paid the same amount of rent, but directly to the bank as payment on the note. Kooney did not pay any rent after the note was paid off in early 1997.

On February 16, 2000, Havens, Shirley Frazier, and Groschke filed suit against Fred Frazier and Kooney. They alleged Frazier breached the partnership agreement and his fiduciary duty to the partnership by allowing Kooney to use partnership property without paying rent. They also pleaded a quantum meruit claim against Kooney for using partnership property without paying rent. In addition, they sought an accounting of partnership assets and appointment of a receiver over the assets. Frazier and Kooney filed a quantum meruit counterclaim seeking reimbursement for payments they made to improve, maintain, and pay the note on the partnership property beyond what they were obligated to pay. They also sought a declaratory judgment to clarify the contractual relationship of the parties.

The trial was to the court. At trial, Frazier explained why Kooney did not pay rent after early 1997. He testified that Kooney overpaid its rent from 1982 to early 1997 because it was never adjusted in unison with the decrease in the bank's prime rate as provided in the amendment to the lease. He further testified that Kooney maintained and paid taxes on partnership property not leased by it. However, pursuant to Havens and Shirley Frazier's statute of limitations objections, the trial court refused to consider evidence of overpaid rent and other excess payments on behalf of the partnership made by Frazier and Kooney before February 16, 1996 (four years before suit was filed).

The trial court entered judgment that Havens and Shirley Frazier each recover $21,800 plus $3,000 in attorneys' fees, and Frazier and Kooney take nothing on their counterclaim. The court also appointed a

receiver to sell the partnership property and divide the proceeds among Havens, Shirley Frazier, and Fred Frazier.

The trial court entered findings of fact and conclusions of law. Among other matters, the trial court found (1) Frazier and Kooney owed past due rent to the partnership; (2) Frazier breached his fiduciary duty to the partnership by possessing and using partnership property without paying rent; and (3) Frazier and Kooney failed to prove any setoffs or credits claimed by them. Among other matters, the trial court concluded (1) the four year statute of limitations applied to Frazier and Kooney's claims that occurred before February 16, 1996; and (2) credit for payments made by Frazier or Kooney before February 16, 1996 was waived by their actions.

## II. ANALYSIS

In their first three issues, appellants, Frazier and Kooney, claim the trial court erred in applying the statute of limitations to their claim for overpayments made before February 16, 1996 [1], and also erred in excluding evidence of these overpayments. As a result of these errors, they allege the court also erred in denying them a judgment credit, offset, or quantum meruit recovery based on limitations.

### A. STANDARD OF REVIEW

■ The admission or exclusion of evidence rests within the sound discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995); *Hunt v. Baldwin*, 68 S.W.3d 117, 126 (Tex.

App.-Houston [14th Dist.] 2001, no pet.). To obtain reversal of a judgment based upon error in the admission or exclusion of evidence, the appellant must show that (1) the trial court committed error; and (2) the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX.R.APP. P. 44.1; *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); *Hunt*, 68 S.W.3d at 126.

### B. ERROR IN EXCLUDING EVIDENCE

For two reasons, Frazier and Kooney contend the trial court erred in concluding that limitations required him to exclude evidence of their overpayments before February 16, 1996:(1) under section 16.069 of the Texas Civil Practice & Remedies Code their counterclaim is not barred by limitations; and (2) Havens, Shirley Frazier, and Groschke failed to plead limitations.[2] We agree with both contentions.

#### 1. COUNTERCLAIM NOT BARRED BY LIMITATIONS

■ Frazier and Kooney brought their claim for overpayments before February 16, 1996 as a counterclaim in Havens, Shirley Frazier, and Groschke's suit. Section 16.069 of the Texas Civil Practice and Remedies Code saves an otherwise time-barred counterclaim under the following circumstances:

> 16.069. Counterclaim or Cross Claim
>
> (a) If a counterclaim or cross claim arises out of the same transaction

---

1. For ease of discussion, we hereafter refer to all Frazier and Kooney's payments on behalf of the partnership, including overpaid rent and other excess payments, for which they seek a judgment credit, offset, or quantum meruit recovery as the "overpayments."

2. Although Frazier and Kooney state that the trial court "excluded" evidence of these overpayments, some of this evidence was admit-

ted, while some is included in the record by bill of exception. However, based on the trial court's findings of fact, conclusions of law, and comments at trial, it is clear it refused to consider all the overpayments before February 16, 1996 based on limitations. Therefore, we too will refer to it as an exclusion of this evidence.

or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.069 (Vernon 1997).

■ Frazier and Kooney were served with Havens, Shirley Frazier, and Groschke's suit on March 6, 2000. Their answer was due on March 27, 2000. *See* TEX R. CIV. P. 99(b). They filed their counterclaim on April 24, 2000, less than 30 days after their answer was due. Therefore, because their counterclaim was timely filed under section 16.069, it was not barred by the statute of limitations.[3]

## 2. FAILURE TO PLEAD LIMITATIONS

■ A party waives the affirmative defense of statute of limitations if it is not pleaded or tried by consent. *See* TEX.R. CIV. P. 94; *RE/MAX of Texas, Inc. v. Katar Corp.*, 961 S.W.2d 324, 327 (Tex. App.-Houston [1st Dist.] 1997, pet. denied). Although Havens, Shirley Frazier, and Groschke did not plead limitations, they contend that issue was tried by consent because Frazier and Kooney allowed the admission, without objection, of substantial evidence on the issue.[4]

■ A party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party fails to make an appropriate complaint. *See* TEX.R. CIV. P. 67; *Realtex Corp. v. Tyler*, 627 S.W.2d 441, 443 (Tex.App.-Houston [1st Dist.] 1981, no writ); *La Marque Indep. School Dist. v. Thompson*, 580 S.W.2d 670, 673 (Tex.App.-Houston [14th Dist.] 1979, no writ). However, this rule is inapplicable here because Frazier and Kooney did not allow admission of evidence on the unpleaded limitations issue. In fact, Havens, Shirley Frazier, and Groschke do not point to any evidence directly related to the limitations issue that was introduced without objection. Instead, they refer us only to evidence Frazier and Kooney introduced showing that overpayments were made before February 16, 1996. This was not evidence relating to the limitations issue; it pertained to Frazier and Kooney's counterclaim seeking reimbursement for overpayments and other items. This evidence does not fit within rule 67 or the cases cited above. We hold that the issue was not tried by consent, and that Havens, Shirley Frazier, and Groschke waived their limitations defense

---

**3.** For a counterclaim to arise out of the "same transaction or occurrence" as the original claim, there must be a "logical relationship" between the claims; the essential facts on which the counterclaim is based must be significantly and logically relevant to both claims. *See Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex.App.-Texarkana 2000, pet. denied); *Jack H. Brown & Co. v. Northwest Sign Co.*, 718 S.W.2d 397, 400 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (construing virtually identical language used in TEX.R. CIV. P. 97(a) concerning compulsory counterclaims). Here, there is clearly a logical relationship between Havens, Shirley Frazier, and Groschke's claim for unpaid rent,

and Frazier and Kooney's counterclaim for overpaid rent and other excess payments. Further, on appeal, Havens, Shirley Frazier, and Groschke do not dispute that the counterclaim arises out of the same transaction or occurrence as their claim.

**4.** Havens, Shirley Frazier, and Goschke's answer, if any, to Frazier and Kooney's counterclaim is not included in the record. However, the trial court found that they did not plead limitations, they do not challenge that finding, and they acknowledge they did not plead limitations.

to Frazier and Kooney's claim for overpayments.

Having concluded that Frazier and Kooney complied with section 16.069 of the Texas Civil Practice & Remedies Code, and that limitations was not tried by consent, we hold that the trial court erred in applying the statute of limitations to this counterclaim for overpayments and in excluding evidence of these overpayments.

## C. RENDITION OF IMPROPER JUDGMENT

■ Next, as we have found that the trial court erred in excluding evidence of Frazier and Kooney's overpayments before February 16, 1996, we consider whether this error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Frazier and Kooney contend the error caused the rendition of an improper judgment because the undisputed evidence established the excluded overpayments exceeded the $43,600 in damages, plus attorneys' fees, awarded against them. We agree. The following appears to be undisputed in the evidence:

- Kooney overpaid $72,000 in rent from March 1, 1982 to January 1, 1986 alone because the rent was not adjusted downward as the prime rate decreased; the prime rate decreased from 20½% to 16% between the time Kooney signed the lease and moved onto the property.
- Kooney paid $63,000 in taxes on partnership property not occupied by it.
- Kooney paid for repair of a building on the property occupied by a company owned by one of the other partners.
- Kooney paid to move equipment and materials left on the property when the companies owned by the other partners closed down.

Havens, Shirley Frazier, and Groschke do not dispute that this evidence was uncontradicted or point to any parts of the record that contradict it. Frazier did not testify as to the specific amounts Kooney expended to maintain partnership property not occupied by it, but he testified Kooney's total overpayments amounted to several hundred thousand dollars.

The trial court predicated its judgment on its findings that (1) Frazier and Kooney owed rent to the partnership; (2) Frazier breached his fiduciary duty to the partnership by using partnership property without paying rent; and (3) Frazier and Kooney failed to prove their claimed overpayments. Each of these findings stems from the court's erroneous conclusion that limitations applied to Frazier and Kooney's claim. If we ignore these findings and look at the uncontroverted evidence, the evidence shows that Frazier and Kooney's rental overpayments exceeded the amount of unpaid rent sued for. Consequently, if the trial court had considered the rent Frazier and Kooney overpaid before February 16, 1996, it should have concluded that (1) Havens, Shirley Frazier, and Groschke were not entitled to recover any rent from Frazier and Kooney; and (2) Frazier did not breach his fiduciary duty to the partnership.

■ In addition, Frazier and Kooney's other overpayments before February 16, 1996, including taxes and maintenance, exceeded the amount of the judgment against them. If the trial court had considered these overpayments, Frazier and Kooney also would have prevailed on their quantum meruit counterclaim, thereby offsetting the judgment against them and entitling them to judgment against Havens, Shirley Frazier, and Groschke.[5] *See* TEX.R. CIV. P. 302 (providing a defendant

---

5. Quantum meruit is an equitable theory of recovery which is based on an implied agree-

who establishes a counterclaim against a plaintiff exceeding that established against him by the plaintiff is entitled to judgment for the excess).

Havens, Shirley Frazier, and Groschke reply that the trial court was not persuaded by Frazier and Kooney's evidence of overpayments before February 16, 1996 because it rejected evidence of similar payments after February 16, 1996; therefore, any error in excluding the evidence of overpayments before February 16, 1996 was harmless. However, there is no finding that the trial court did not believe Frazier and Kooney made the overpayments before February 16, 1996. If anything, the findings of fact indicate otherwise because the trial court found that Kooney's rent from 1982 through 1996 was never adjusted for decreases in the prime rate, and it found that Kooney paid property taxes on behalf of the partnership that it was not obligated to pay. These findings did not impact the court's judgment simply because it incorrectly concluded Frazier and Kooney's claim for these overpayments was barred by limitations.

Accordingly, we conclude the trial court's error in applying the statute of limitations to Frazier and Kooney's claim for overpayments before February 16, 1996, and excluding evidence of these overpayments, was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See* Tex. R.App. P. 44.1.

### D. No Waiver of Counterclaim

By cross-point, Havens, Shirley Frazier, and Groschke further assert any error in excluding evidence of the overpayments before February 16, 1996 was harmless because Frazier and Kooney waived their quantum meruit counterclaim to recover the overpayments. We disagree.

Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex.1996); *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 592 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Waiver can be established by a party's express renunciation of a known right or by silence or inaction for so long a period as to show an intention to yield the known right. *Tenneco*, 925 S.W.2d at 643; *Burge*, 29 S.W.3d at 592. Waiver is largely a matter of intent; thus, for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 111 (Tex.1999); *Continental Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 789 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

As Havens, Shirley Frazier, and Groschke point out, the trial court concluded that Frazier and Kooney waived a credit for their overpayments before February 16, 1996 by their actions. The trial court did not state in its findings of fact what actions constituted waiver. However, Havens, Shirley Frazier, and Groschke suggest two reasons Frazier and Kooney waived their right to recover the overpayments: (1) their breach of fiduciary duty waived the

---

ment to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992); To recover under quantum meruit, the claimant must establish (1) valuable service was rendered or materials furnished; (2) to the party sought to be charged; (3) which were accepted by the party sought to be charged; and (4) under such circumstances as reasonably notified the recipient that the claimant, in performing, expected to be paid by the recipient. *Id.*

equitable remedy of quantum meruit; and (2) Frazier signed two lien affidavits asserting he had no claims against the partnership.

While waiver is ordinarily a question of fact, if the facts and circumstances are admitted or clearly established, the question becomes one of law. *Tenneco*, 925 S.W.2d at 643. Here, the facts on which Havens, Shirley Frazier, and Groschke rely to argue waiver are clearly established; therefore we will review the conclusion that Frazier and Kooney waived their claim for overpayments before February 16, 1996 as a question of law.

## 1. EQUITABLE REMEDIES

First, Havens, Shirley Frazier, and Groschke assert that Frazier and Kooney waived their equitable remedy of quantum meruit because they breached their fiduciary duty to the partnership. They cite *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex.1988) as holding that one who seeks an equitable remedy must do equity and come to court with clean hands. While Havens, Shirley Frazier, and Groschke correctly recite this general principle, it is inapplicable here.

The first problem with this argument is that they apply it to both Frazier and to Kooney. However, the trial court found that only Frazier, not Kooney, breached a fiduciary duty to the partnership. Kooney was not a partner, and, thus, did not owe a fiduciary duty to the partnership. Instead, it is a separate corporation, owned by Frazier, that leased partnership property. Therefore, this argument does not apply to Kooney's quantum meruit claim. The second problem with their argument is that we have already held that the trial court erroneously excluded evidence of

Frazier and Kooney's overpayments and, therefore, erroneously concluded that Frazier and Kooney breached their fiduciary duty. Thus, waiver is not supported by the finding of breach of fiduciary duty.

## 2. LIEN AFFIDAVITS

Havens, Shirley Frazier, and Groschke also maintain that Frazier and Kooney waived any right to recover the overpayments because Frazier signed two affidavits representing the partnership owed no debts to him or Kooney. On April 17, 1997 and March 17, 1998, the partners, on behalf of the partnership, executed lien affidavits in connection with the sale of portions of the partnership property.[6]

In these affidavits, the partners swore there were no liens, mortgages, taxes, or unpaid debts on the property, and no adverse claims against the property. However, these representations were not inconsistent with Frazier's claim to recover the overpayments, and they do not constitute waiver. *See Tenneco*, 925 S.W.2d at 643; *Burge*, 29 S.W.3d at 592. These affidavits were intended to show that no taxes were owed to any taxing authorities, and that no third parties could place a cloud on the title. They were not designed to prove that there were no claims among the partners themselves. They were clearly limited to the particular portion (or portions) of property being sold, and they were made to enable the partnership to obtain title insurance and the purchaser to obtain financing on that property. In short, they were not representations that Frazier and Kooney had no claim against the partnership and other partners for excess rent, taxes, and other expenses already paid in

---

**6.** Because the description of the property addressed in one of the affidavits is not attached, it is unclear whether the two affidavits addressed one or more portions of property.

connection with all the partnership property. We overrule the cross-point.

### III. CONCLUSION

We sustain Fred Frazier and Kooney's first, second, and third issues, and overrule Havens, Shirley Frazier, and Groschke's sole cross-point. In their fourth and fifth issues, Frazier and Kooney complain of the amount of the receiver's bond and the award of attorneys' fees to Havens, Shirley Frazier, and Groschke. Because we have sustained Frazier and Kooney's first, second, and third issues, we need not address their fourth and fifth issues.

We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.