Nancy Carol DENNIS, Individually, and as Representative of the Estate of Wiley Joe Dennis, Debbrah Patterson and Douglas Joe Dennis, Appellants,

v.

Robert F. HADEN, Appellee.

No. 06–92–00071–CV.

Court of Appeals of Texas, Texarkana.

Aug. 31, 1993.

Rehearing Denied Nov. 16, 1993.

Michael Kerensky, O'Quinn, Kerensky, McAninch, Houston, for appellants.

Tina Snelling, Marilyn Kulifay, Hirsch, Robinson, Sheiness, Glover, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Nancy Carol Dennis, individually, and as representative of the estate of Wiley Joe Dennis, Debbrah Patterson and Douglas Joe Dennis appeal a judgment based on an adverse jury verdict in their suit against Robert Haden for medical malpractice resulting in wrongful death.[1] The Dennises complain that the trial court erred in allowing Haden to call Mark Lambert as an expert witness and in refusing to allow the Dennises to call Robert Leachman as a rebuttal expert witness. We reverse the judgment and remand the case for a new trial.

Haden was Wiley Joe Dennis' physician for several years. Dennis had a history of chest pain and atrial fibrillation, a heart condition characterized by irregular and rapid heartbeats. When Dennis went to Haden weak and having chest pain, Haden was concerned that the pain could be related to heart disease. For that reason, on November 17, 1987, Haden admitted Dennis to the Humana Hospital. After a myocardial infarction, or heart attack, was ruled out through the use of electrocardiograms and cardiac enzymes, he was discharged from the hospital on November 19. About 1:00 p.m. on November 20, Dennis returned to Haden's office, complaining of severe chest pain. The results of an electrocardiogram (EKG) at Haden's office showed no change in his condition. Haden again admitted Dennis to the hospital, with a diagnosis of a ruptured disk. A neurological workup was scheduled for the next day. Haden ordered an EKG for Dennis to be performed on the evening of November 20. Although this EKG showed that Dennis

---

1. These appellants are hereinafter referred to as the Dennises.

had suffered a heart attack, the results of the test were not read until after his death, which occurred early the next morning as a result of the heart attack. The Dennises claimed that Haden was negligent in not reading the results of the EKG, performed at 9:00 p.m., before Dennis' death.

During the pretrial discovery and in response to a court order requiring the defendants to designate their witnesses, Haden's attorneys designated two primary physicians, Robert D. Leachman and defendant Robert F. Haden, to testify to the medical condition and treatment of Dennis, the standard of care, and causation. Haden's attorneys also designated any and all health care providers who participated in treating Dennis, including but not limited to eleven named individuals. The attorneys also cross-designated two doctors designated by Humana Hospital, as well as the expert designated by the Dennises. In response to these designations, the Dennises' attorney gave notice to take the depositions of fifteen designated medical experts. Haden's attorneys moved to quash the notices to take depositions.

The trial court held a hearing and quashed the deposition notices. The relevant text of the order entered following the hearing provides that it is:

> ORDERED, ADJUDGED AND DECREED that the depositions of Dr. Robert D. Leachman, Dr. Federico Angel, Dr. James K. Alexander, Dr. Elza V. Bullock, Dr. Mark E. Lambert, Dr. Marco A. Carbajal, Dr. William R. Gaston, Dr. Thomas D. Hedrick, Dr. Edward M. Shapiro, Dr. Cecil L. Henkel, Dr. Jimmy F. Howell, Dr. Christopher R.C. Wyndham, Dr. R. Phillip Dellinger, Dr. Brian Kirshon, and Dr. Margarita Muniz are quashed. It is further;
>
> ORDERED, ADJUDGED AND DECREED that the deposition of Dr. Robert D. Leachman, be taken at a mutually convenient time prior to trial. It is further;
>
> ORDERED, ADJUDGED AND DECREED that Defendants, Robert F. Haden, M.D. and Humana Hospital, Inc.,

d/b/a Humana Hospital—Southmore, will provide expert reports for those experts they expect to call at trial.

The order is dated April 15, 1991.

The Dennises' attorney took the deposition of Leachman, whom Haden's attorneys indicated would be their primary witness on standard of care. Haden's attorney forwarded one report to the Dennises' attorney made by Federico Angel.[2] Thus, when the trial proceeded between the Dennises and Haden, the parties had deposed Leachman but had not furnished each other with reports of physicians other than the report from Angel.

At trial, Haden did not call Leachman, but called Lambert as his expert witness. The Dennises objected to Haden's calling Lambert because Haden had not furnished them a report from Lambert as the court had ordered. The Dennises argued that they had relied on the court's order and, believing Leachman to be the hospital's expert, had not taken Lambert's deposition. The court overruled the objection and allowed Lambert to testify.

The Dennises later sought to introduce portions of Leachman's deposition testimony to rebut Lambert's testimony. The trial court refused to allow Leachman's testimony because the Dennises had not designated Leachman as an expert witness. The trial court also refused to allow Lambert to be cross-examined about anything that Leachman had said or reported.

■ We now turn to whether the trial court erred in allowing Lambert to testify. To obtain reversal of a judgment based on error of the trial court in the admission or exclusion of evidence, the appellant must show that the trial court erred and that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989).

■ The Dennises contend that the trial court erred in allowing Lambert to testify because Haden had violated the trial court's

---

2. Humana Hospital, which was nonsuited as a defendant before trial, forwarded two reports made by Lambert and another physician.

written order by failing to provide a written report from Lambert. The Dennises' attorney sought to have the court sanction Haden by excluding Lambert as a witness because Haden's attorneys had not indicated they would call Lambert as a witness or forwarded a report from him after the court entered its quashing order. A trial court may impose sanctions on any party that abuses the discovery process. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The imposition of sanctions is within the trial court's discretion, and its refusal to impose sanctions will be set aside only if the court clearly abused its discretion. *See id.; Ramirez v. Otis Elevator Co.*, 837 S.W.2d 405, 409–10 (Tex.App.—Dallas 1992, writ denied).

■ The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, i.e., whether the trial court's act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In determining whether there was an abuse of discretion, we must ascertain whether the trial court's decision inadvertently frustrates the purposes of pretrial discovery, which are to avoid legal gamesmanship and trial by ambush. *See Wells v. HCA Health Services of Texas*, 806 S.W.2d 850, 852 (Tex.App.—Fort Worth 1990, writ denied).

■ The trial court allowed Lambert to testify, apparently because Lambert had been cross-designated by Haden and the hospital had provided a copy of Lambert's report. However, Haden's cross-designation of Lambert occurred before the trial court quashed the depositions of Lambert and fourteen other witnesses designated by Haden. Based on the court's order, the Dennises had a right to rely on the fact that, thereafter, if Haden expected to call an expert witness to testify at trial, it would provide a report to the Dennises' attorney. Haden's subsequent failure to provide the Dennises with a report from Lambert, in effect, assured the Dennises that Lambert would not be called to testify on Haden's behalf.

Tex.R.Civ.P. 215 provides certain sanctions which may be imposed when parties abuse the discovery process or fail to designate witnesses. The cases concerning sanctions under the rules, however, are not altogether useful in looking at this case. When the trial court quashed the notice for Lambert's deposition, the court's order was black and white assurance to the Dennises' attorneys that no expert but Leachman, and any other witness from whom Haden thereafter provided them a report, would testify at trial.

The trial court's action appears to have occurred in disregard of its own directives. The trial court abused its discretion in allowing Lambert to testify after Haden failed to obey the court order by not providing a report that would have notified the Dennises that Lambert would testify.

We now consider whether the trial court erred in excluding the deposition testimony of Leachman. The trial court refused to allow any of Leachman's deposition testimony because he had not been designated as a witness by the Dennises.

■ A party may discover the identity of anyone who will be called as an expert witness by another party. Tex.R.Civ.P. 166b(2)(e)(1). Failure to respond to or supplement proper discovery requests for the identity of experts will result in the automatic exclusion of the undisclosed expert's testimony absent a finding of good cause. Tex. R.Civ.P. 215(5); *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992). The trial court has discretion to determine whether good cause exists. *Alvarado*, 830 S.W.2d at 914.

■ The Dennises contend that they should have been allowed to introduce Leachman's testimony to rebut Lambert's testimony, which was an unforeseeable surprise. The need to rebut surprise testimony can constitute good cause for introducing testimony of an undesignated witness. *See Ellsworth v. Bishop Jewelry and Loan Co.*, 742 S.W.2d 533, 534 (Tex.App.—Dallas 1987, writ denied). The defendants were supposed to confirm the identity of their expert witnesses by providing the Dennises with a report from each expert. By not providing the Dennises with a report, Haden implied that Lambert

would not be called as an expert witness and the Dennises relied on that implication.

■ The objective of the rules of civil procedure is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law. TEX.R.CIV.P. 1. A trial should be based upon the merits of the parties' claims and defenses rather than on an advantage obtained by one side through a surprise attack. *Smith v. Southwest Feed Yards,* 835 S.W.2d 89, 90 (Tex.1992). After deciding that Lambert could take the stand, the trial court erred in denying the Dennises an opportunity to use Leachman's deposition in the cross-examination of Lambert.

■ Lambert testified that Haden was not negligent in waiting to read Dennis' last EKG. The Dennises wanted to offer portions of Leachman's deposition that suggested Haden breached the appropriate standard of care by not reading Dennis' last EKG until the next morning. The Dennises' own properly designated expert testified during the case in chief and on rebuttal that Haden was negligent in not reading the EKG sooner. Erroneous rulings on the admissibility of evidence are not usually reversible errors where the evidence in question is cumulative. *Gee,* 765 S.W.2d at 396. In this case, however, Leachman's testimony was not cumulative because it would have allowed the jury to know that at least one previous expert hired by Haden thought that Haden was at fault to some extent.

The trial court's admission of Lambert's testimony, combined with the court's exclusion of Leachman's testimony and refusal to allow cross-examination about Leachman's views, constituted error which was reasonably calculated to cause and probably did cause rendition of an improper judgment.

The judgment is reversed, and the case is remanded for a new trial.