NUMBER 13-02-092-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







ALLSTATE INSURANCE COMPANY, ET AL.
, Appellant,


v.



DAVID GARCIA AND SAVANNAH ROBINSON, Appellees.





On appeal from the County Court at Law No. 1


of Hidalgo County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo
 


 This is an appeal from the denial of a motion for attorney sanctions arising out
of a bad-faith insurance claim regarding toxic mold. Allstate Insurance Company,
Allstate Texas Lloyd's Company, and Robert H. Heard ("Allstate"), appellants, appeal
an order denying their motion for sanctions against David Garcia and Savannah
Robinson ("plaintiffs' counsel"), appellees. In a single issue, Allstate contends that the
trial court abused its discretion in refusing to sanction plaintiffs' counsel. We affirm. 
 This is a memorandum opinion. The parties are familiar with the facts,
procedural history, pleadings, and evidence. We will not recite them here except as
necessary to advise the parties of our decision and the basic reasons for it. See Tex.
R. App. P. 47.4. 

I. PROCEDURAL BACKGROUND


 On August 1, 2001, plaintiffs' counsel filed suit against Allstate on behalf of
Fred Wood and Naomi Wood. Shortly thereafter, they filed a "Motion to Deposit Funds
in the Registry of the Court" to provide additional living expenses for the Woods
because toxic mold made their home untenable. The trial court granted the motion on
September 13, 2001. Before it deposited the funds required by the order, Allstate
learned that Fred Wood had instructed plaintiffs' counsel not to pursue the litigation. 
On September 27, 2001, Allstate filed a "Sworn Motion to Show Authority and for
Sanctions." In response, plaintiffs' counsel produced an attorney fee contract signed
by Fred Wood and Naomi Wood. On October 3, 2001, pursuant to Fred Wood's
instructions, plaintiffs' counsel filed "Plaintiff's [sic] Motion for Nonsuit without
Prejudice." On October 5, 2001, Allstate filed an "Amended Verified Motion to Show
Authority; Amended Motion for Sanctions; and Motion to Vacate or Set Aside Order
Compelling Deposit of Funds into Registry of Court." In the amended motion, Allstate
requested sanctions against plaintiffs' counsel on the grounds that the lawsuit was
brought in bad faith and for the purpose of harassment in violation of rule 13 of the
rules of civil procedure (1) and section 10.004 of the civil practice and remedies code. (2) 
 The trial court held a hearing on the motions. Fred Wood testified he had not
directed plaintiffs' counsel to file the lawsuit, although his wife had, nor had he
authorized them to file the motion to deposit funds. He said that the mold problem in
their home was not severe enough to require the Woods to have it removed or to live
elsewhere. The parties do not dispute that Allstate did not deposit any funds into the
registry of the court pursuant to the court's order. The trial court signed an "Order
Denying Post Litigation Motions" on November 26, 2001. On March 4, 2002, the trial
court signed an order granting the non-suit. This appeal ensued. 

II. JURISDICTION


 Allstate filed its original "Sworn Motion to Show Authority and for Sanctions"
on September 27, 2001, before the plaintiffs filed their motion for nonsuit on
October 3, 2001. Accordingly, we find that the trial court had continuing jurisdiction
to hear and determine the sanctions motions after the nonsuit. Tex. R. Civ. P. 162;
see In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam). 

III. APPLICABLE LAW


A. Presumptions and Burdens of Proof in Sanctions Motions


 Generally, courts presume that pleadings and other papers are filed in good faith. 
GTE Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 730 (Tex. 1993) (orig.
proceeding). In determining if sanctions are proper, the trial court must examine the
circumstances existing when the litigant filed the pleading. See Griffin Indus. v.
Grimes, No. 04-02-00430-CV, 2003 Tex. App. LEXIS 3439, at *11-12 (San Antonio
Apr. 23, 2003, no pet. h.) (applying presumption to chapter 10); Home Owners
Funding Corp. of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.-Corpus
Christi 1991, no writ) (applying presumption to rule 13). The trial court considers the
acts or omissions of the represented party or counsel, not merely the legal merit of a
pleading or motion. Grimes, 2003 Tex. App. LEXIS 3439, at*11; N.Y. Underwriters
Ins. Co. v. State Farm Mut. Auto. Ins. Co., 856 S.W.2d 194, 205 (Tex. App.-Dallas
1993, no writ). The party seeking sanctions bears the burden of overcoming the
presumption of good faith in the filing of pleadings. Tanner, 856 S.W.2d at 731. 

B. Standard of Review


 Imposing an available sanction is left to the sound discretion of the trial court. 
Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Rudisell v. Paquette,
89 S.W.3d 233, 236 (Tex. App.-Corpus Christi 2002, no pet.). We may not
substitute our judgment for the trial court's. Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978). The test for determining whether the trial court abused its discretion is
whether it acted arbitrarily or unreasonably, without reference to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985); Alejandro v. Bell, 84 S.W.3d 383, 392 (Tex. App.-Corpus Christi 2002,
no pet.). A trial court abuses its discretion in imposing sanctions only if it bases its
order on an incorrect view of the law or an erroneous assessment of the evidence. 
Randolph v. Jackson Walker, L.L.P., 29 S.W.3d 271, 276 (Tex. App.-Houston [14th
Dist.] 2000, pet. denied). These standards apply to a trial court's refusal to impose
a particular sanction as well as its imposition of sanctions. See, e.g., Smithson v.
Cessna Aircraft Co., 665 S.W.2d 439, 442-43 (Tex. 1984); Tenngasco Gas Gathering
Co. v. Fischer, 624 S.W.2d 301, 303 (Tex. App.-Corpus Christi 1981, writ ref'd
n.r.e.). A party attacking a trial court's decision as an abuse of discretion carries a
heavy burden. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985) (orig. proceeding). 

IV. ANALYSIS


 In arguing for reversal, Allstate relies on authority upholding a trial court's
discretionary imposition of sanctions. It does not cite any authority in which an
appellate court reversed a trial court's decision not to impose sanctions under rule 13
or chapter 10, nor have we found any. On the other hand, courts readily affirm a trial
court's refusal to impose sanctions. See, e.g., Smithson, 665 S.W.2d at 443
(discovery sanction request); Grimes, 2003 Tex. App. LEXIS 3439, at *20 (chapter 10
sanction request); EP Operating Co. v. MJC Energy Co., 883 S.W.2d 263, 270 (Tex.
App.-Corpus Christi 1994, writ denied) (discovery sanction request). We note that
one court held that a trial court's refusal to exclude a witness's testimony as a
discovery sanction was an abuse of discretion. Dennis v. Haden, 867 S.W.2d 48, 51
(Tex. App.-Texarkana 1993, writ denied). However, the abuse of discretion in that
case occurred in the context of the trial court's error in excluding other testimony. Id.
at 52. We are not persuaded that Allstate met its heavy burden of showing that the
trial court's refusal here to impose sanctions was an abuse of discretion. See
Johnson, 700 S.W.2d at 917.

 The fee agreement produced by plaintiffs' counsel showed that the Woods
authorized plaintiffs' counsel's representation. Plaintiffs' counsel promptly complied
with Fred Wood's instructions to dismiss the case. Allstate was not required to
deposit any funds into the registry of the court. Scrutinizing the record with an abuse-of-discretion standard in mind, as we must, we cannot conclude the trial court acted
unreasonably, arbitrarily, or without reference to rule 13 or section 10 in denying
Allstate's motion for sanctions. Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code
Ann. § 10.004 (Vernon 2002). "An abuse of discretion does not exist if the trial court
bases its decision on conflicting evidence and some evidence reasonably supports the
trial court's decision." Zorilla v. Wahid, 83 S.W.3d 247, 255 (Tex. App.-Corpus
Christi 2002, no pet.). We overrule Allstate's sole issue. 

 Accordingly, we affirm the trial court's sanction denial order. 

 ERRLINDA CASTILLO

 Justice

Opinion delivered and filed

this 18th day of July, 2003.
1. Tex. R. Civ. P. 13. 
2. Tex. Civ. Prac. & Rem. Code Ann. § 10.004 (Vernon 2002).