Motions for Rehearing Overruled; Opinion of March 28, 2006 Withdrawn;
Reversed and Remanded; Opinion on Rehearing filed June 29, 2006








Motions for
Rehearing Overruled; Opinion of March 28, 2006 Withdrawn; Reversed and
Remanded; Opinion on Rehearing filed June 29, 2006.




 
 
 
  
 
 
 




 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00058-CV

____________

 

DOROTHY HOOPER, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF GAYLAND W. HOOPER, DECEASED, MARK HOOPER,
MATTHEW HOOPER, AND MELISSA HOOPER, Appellants

 

V.

 

SUDHA N. CHITTALURU, M.D. AND
ARVIND M. PAI, M.D., Appellees

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 03-00769

 



 

O P I N I O N   O N   R E H E A R I N G








This appeal arises from a medical malpractice suit filed by
appellants Dorothy Hooper, Individually and as Representative of the Estate of
Gayland W. Hooper, Deceased, Mark Hooper, Matthew Hooper, and Melissa Hooper
(collectively AHooper@) against appellees Sudha N. Chittaluru,
M.D. and Arvind M. Pai, M.D.[1] 
The jury found that Dr. Chittaluru and Dr. Pai were not negligent but that
Hooper was negligent in causing his own death.  In two issues, Hooper claims
the trial court abused its discretion in preventing him from calling Dr.
Chittaluru=s expert witness during his case in chief.  We agree
and reverse and remand for a new trial.

                           Factual and Procedural Background

Gayland Hooper died in April 2002.  Before his death, he
was under the care of Dr. Chittaluru, an internist, and Dr. Pai, a
cardiologist, for problems related to his heart and to high blood pressure. 
After his death, Hooper=s family sued Dr. Chittaluru and Dr. Pai,
alleging they caused Hooper=s death through negligent treatment and by
prescribing him Viagra.

Pursuant to the trial court=s scheduling
order, Dr. Chittaluru designated Dr. Mark Lambert, a cardiologist, as an expert
witness.  In Dr. Lambert=s initial report, consisting of one and a
half pages, he concluded that Hooper died of heart disease and that Viagra was
not implicated in his death.  During Dr. Lambert=s deposition,
Hooper=s counsel asked
him several questions about other aspects of Dr. Chittaluru=s and Dr. Pai=s care of Hooper,
and Dr. Lambert=s testimony was largely favorable to
Hooper.  Before the deposition, Hooper had cross-designated both defendants= experts in his
response to requests for disclosure.  The day after the deposition, Hooper
supplemented his designation to include references to Dr. Lambert=s deposition
testimony.  Soon thereafter, Dr. Pai moved to strike Dr. Lambert=s testimony,
arguing that Hooper failed to disclose Dr. Lambert=s opinions in a
timely manner.  The trial court granted the motion, and at trial, the court
upheld its prior ruling and prohibited Hooper from calling Dr. Lambert as a
witness.








At trial, Hooper presented evidence regarding the alleged
negligence of Dr. Chittaluru and Dr. Pai through testimony from Dr. Steven
Fugaro, an internist, as well as testimony from Hooper=s family.  Dr.
Chittaluru and Dr. Pai defended their treatment of Hooper and presented
evidence that Hooper caused his own death by failing to comply with some of
their treatment recommendations and refusing to change his lifestyle.  The jury
found that Hooper alone was negligent, and this appeal followed.

                                               Legal Standards

We
review a trial court=s decision to exclude evidence for an abuse of discretion.  Interstate
Northborough P=ship v. State, 66 S.W.3d 213, 220 (Tex. 2001); Frazier v. Havens,
102 S.W.3d 406, 410 (Tex. App.CHouston [14th Dist.] 2003, no pet.)  To obtain reversal of a
judgment based on error in the exclusion of evidence, the appellant must show
(1) the trial court did in fact commit error and (2) the error probably
resulted in an improper judgment.  Interstate Northborough, 66 S.W.3d at
220; Frazier, 102 S.W.3d at 410.  This usually requires a demonstration
that the judgment turns on the excluded evidence.  See Interstate
Northborough, 66 S.W.3d at 220; Knox v. Taylor, 992 S.W.2d 40, 63
(Tex. App.CHouston [14th Dist.] 1999, no pet.).  If the evidence is merely
cumulative and does not concern a material issue dispositive of the case, then
its exclusion is harmless error.  See Interstate Northborough, 66
S.W.3d at 220; Knox, 992 S.W.2d at 63.

In determining whether the trial court abused its
discretion, we review the entire record.  See Interstate Northborough, 66 S.W.3d at 220; Knox,
992 S.W.2d at 63.  We must uphold the trial court=s evidentiary
ruling if there is any legitimate basis for doing so, even if that ground was
not raised below.  See State Bar of Tex. v. Evans, 774 S.W.2d 656, 658
n.5 (Tex. 1989); Santos v. Comm=n for Lawyer
Discipline, 140 S.W.3d 397, 401 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  Thus, we will examine all bases for upholding the trial
court=s judgment that
are suggested in the record or urged by appellees.

                                                       Analysis

                                           A. 
Preservation of error.








Dr. Pai argues that Hooper failed to preserve his complaint
for appeal because his offer of proof was defective.  Rule 103 provides that
error cannot be predicated on the exclusion of evidence unless the substance of
the evidence was made known to the trial court through an offer of proof or was
apparent from the context.  Tex. R.
Evid. 103(a)(2).  To preserve error, the offer of proof must be specific
enough to enable the reviewing court to determine the admissibility of the
disputed evidence.  In
re N.R.C., 94 S.W.3d
799, 806 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).

After
the trial court again ruled that Hooper could not call Dr. Lambert, Hooper
submitted Dr. Lambert=s entire deposition as his offer of proof.  Dr. Pai complains
that the offer of proof was inadequate because Hooper (1) offered Dr. Lambert=s entire deposition instead of
specific portions and (2) failed to explain why Dr. Lambert=s testimony was not cumulative of Dr.
Fugaro=s.  We reject both of these
arguments.  First, when Hooper=s counsel offered the entire deposition, he explained that
when he attempted to identify a portion by page and line, he had included over
ninety percent of the deposition and thus believed offering the entire
deposition would be more convenient for everyone.  This is not a case in which
testimony on an isolated issue is buried in the middle of a voluminous
deposition.  See Carreon v. Nat=l Standard Ins. Co., No. 01-85-0233-CV, 1986 WL 20850,
at *5 (Tex. App.CHouston [1st Dist.] July 31, 1986, writ ref=d n.r.e.) (not designated for
publication) (finding offer of proof inadequate when it was contained in only a
few passages of a sixty-two page deposition).  The Anature of the disputed evidence was
apparent to all,@ and thus the offer was sufficiently specific.  Fox v.
State, 115 S.W.3d 550, 559 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Second, neither Dr. Pai nor Dr.
Chittaluru objected to Dr. Lambert=s testimony as cumulative, and thus,
unlike in Welch, which Dr. Pai cites, Hooper had no obligation to
explain why it was not.  See Welch v. McLean, No. 2-02-237-CV, __ S.W.3d
__, 2005 WL 1293068, at *11B12 (Tex. App.CFort Worth June 2,
2005, no pet.).  We conclude that Hooper=s offer of proof
was sufficient to preserve error.

                                                               

 

 








              B. 
Did the trial court err in excluding Dr. Lambert=s testimony?

1. 
The propriety of calling an opponent=s expert
adversely.

The trial court=s order striking
Dr. Lambert=s testimony did not provide a reason for the
decision.  However, in the hearing on Hooper=s motion to
reconsider, the court repeatedly stated, AYou cannot hijack
her expert.@  This implies that the trial court believed it is
inherently improper to call an opponent=s expert
adversely.  Appellees do not argue this point on appeal, and we can find no
authority to support such a broad, general proposition.  Indeed, all available
authority suggests otherwise.  For example, the Texas Supreme Court has
disapproved of attempts to assert ownership over an expert.  See Tom L. Scott, Inc. v. McIlhany, 798 S.W.2d 556 (Tex. 1990)
(rejecting defendants= re-designation of testifying experts as consulting experts
pursuant to settlement agreement that purported to give control over group of
settling plaintiffs= experts to defendants).  This is because such practice is
inconsistent with the primary objective of discovery C to seek the
truth.  See id. at 559B60.  Several courts have addressed issues
involving cross-designated experts, implicitly assuming that such practice is
permissible.  See, e.g., Crawford v. Hope, 898 S.W.2d 937, 944 (Tex. App.CAmarillo 1995, writ denied) (finding no abuse
of discretion in preventing plaintiff from calling defendant=s expert because
plaintiff did not cross-designate that expert); Dennis v. Haden, 867 S.W.2d
48, 52 (Tex. App.CTexarkana 1993, writ denied) (finding
harmful error in prohibiting plaintiff from calling defendant=s expert as
rebuttal witness); Kreymer
v. N. Tex. Mun. Water Dist., 842 S.W.2d 750, 753 (Tex. App.CDallas 1992, no writ) (discussing
procedure for cross-examining expert designated by both parties).

We see no reason why expert testimony should automatically
be treated differently than any other evidence produced by opponents, such as
documents, that unquestionably can be used against the producing party.  We
conclude that Hooper should not have been prohibited from calling Dr. Lambert
as a witness solely on the basis that Dr. Lambert was Dr. Chittaluru=s expert.  Thus,
unless there is another legitimate basis for excluding Dr. Lambert=s testimony, the
trial court abused its discretion.








2. 
Designation issues.

The record indicates that the trial court may have been
concerned with the manner in which Hooper cross-designated Dr. Lambert, and
both appellees have made arguments concerning the timeliness of Hooper=s
cross-designation.  A trial court may exclude an expert who is not properly
designated.  See Tex. R. Civ. P. 193.6(a). 
However, we determine that Hooper timely cross-designated Dr. Lambert as to
both Dr. Chittaluru and Dr. Pai.  Therefore, excluding Dr. Lambert=s testimony on
this basis would have been an abuse of discretion.

The court=s docket control order specifies that
Hooper was to designate experts by November 14, 2003, and the defendants were
to designate by January 3, 2004.  Hooper timely designated his own experts and
included a general cross-designation of the defendants= experts.  Hooper
did not identify the defendants= experts by name or provide the substance
of their opinions because he did not yet have access to that information.  See
Tex. R. Civ. P. 195.1 (providing
that a party may discover information about another party=s testifying
expert only through requests for disclosure, reports, and depositions).  Dr.
Chittaluru designated Dr. Lambert the day before her expert designation
deadline.  Hooper then supplemented his cross-designation to include Dr.
Lambert=s name, but Dr.
Chittaluru did not provide a report or otherwise fully disclose Dr. Lambert=s opinions, so
Hooper had no other information to provide.  In a hearing involving discovery
issues, Hooper complained of Dr. Chittaluru=s failure to
disclose Dr. Lambert=s opinions.  The trial court ordered Dr.
Chittaluru to disclose within a week or Dr. Lambert would be stricken, and the
court set deadlines for the depositions of each sides= experts.  Dr.
Lambert was deposed, and Hooper supplemented his cross-designation the next day
to include information from the deposition.








The court=s docket sheet, which the judge initialed,
notes that the motion to strike was granted because Hooper had not
cross-designated Dr. Lambert as an expert as to Dr. Pai.  This is simply incorrect.  None of
Hooper=s designations specify that his
designation of Dr. Lambert is limited to Dr. Chittaluru, and Hooper=s post-deposition supplement details
many criticisms specific to Dr. Pai=s care of Hooper.  Thus, if we
consider the reason given on the docket sheet,[2]
which neither appellee advances on appeal, that is an erroneous reason for
striking Dr. Lambert=s testimony.

Appellees make various arguments regarding the timeliness
of Hooper=s cross-designation.  Dr. Chittaluru argues that
Hooper=s
cross-designation was untimely because Hooper did not identify Dr. Lambert by
name before Hooper=s initial expert designation deadline in
November and did not supplement his cross-designation until a month after Dr. Chittaluru
provided her tardy report on Dr. Lambert, which she contends was not reasonably
prompt.  Dr. Pai asserted in his motion to strike that Hooper=s post-deposition
supplementation of Dr. Lambert=s opinions was untimely because he should
have disclosed those opinions earlier.

The Texas Rules of Civil Procedure provide that expert
designations must be supplemented Areasonably
promptly after the party discovers the need for such a response.@  See Tex. R. Civ. P. 193.5(b); Tex. R. Civ. P. 195.6.  Hooper=s
cross-designations were reasonably prompt and included the information that was
available to him at the time.  He could not possibly have disclosed Dr. Lambert=s name before Dr.
Chittaluru disclosed it to him or detailed Dr. Lambert=s favorable
opinions before he learned of them during the deposition.  The discovery rules
do not require Hooper to do the impossible.  See Frazin v. Hanley, 130
S.W.3d 373, 377B78 (Tex. App.CDallas 2004, no
pet.) (reversing strike of late-disclosed experts in response to new
counterclaim filed after expert deadline because appellant could not have
designated earlier).  Further, exclusion of evidence for failure to timely
disclose is not appropriate if there is no surprise to the opposing parties.  See
Tex. R. Civ. P. 193.6(a)(2). 
Thus, to the extent Hooper could have provided any of his cross-designation
supplements earlier, his failure to do so still does not justify exclusion
because he had no information to disclose beyond that which he and Dr. Pai had
already received from Dr. Chittaluru.








We conclude there was no basis for striking Dr. Lambert=s testimony based
on deficient cross-designation.  Thus, exclusion of Dr. Lambert=s testimony on
this basis would have been an abuse of discretion.

3. 
Cumulativeness.

Dr. Chittaluru and Dr. Pai argue, for the first time on
appeal, that Dr. Lambert=s testimony would have been cumulative of
Dr. Fugaro=s testimony.  A trial court has authority to prevent
the Aneedless
presentation of cumulative evidence@ under Texas Rule
of Evidence 403.  However, A[t]he mere fact that another witness may have given the same
or substantially the same testimony is not the decisive factor.@  In re N.R.C., 94 S.W.3d at
807.  We consider whether the excluded testimony would have added substantial
weight to the appellant=s case.  Id.; Bohmfalk v. Linwood, 742 S.W.2d
518, 521 (Tex. App.CDallas 1987, no writ).  Litigants often have a legitimate
need to offer similar evidence from different witnesses.  For example,
testimony from a disinterested witness may lend substantial weight to similar
testimony from an interested witness, particularly on a hotly-contested issue. 
See In re N.R.C., 94 S.W.3d at 807; Sims v. Brackett, 885 S.W.2d
450, 454 (Tex. App.CCorpus Christi 1994, writ denied).








The
parties dispute the extent and significance of the overlap between Dr. Lambert=s and Dr. Fugaro=s testimony.  We need not analyze any
differences between their testimony because even if their testimony is
identical, other factors render it non-cumulative.  Dr. Lambert and Dr. Pai are
both cardiologists, while Dr. Fugaro is an internist.  Because of this
difference in expertise, the jury could have determined that Dr. Lambert was
better qualified to comment on a cardiologist=s standard of care and whether Dr.
Pai breached that standard.  Further, hired experts risk being perceived by the
jury as interested in providing testimony helpful to the party paying them. 
Thus, damaging testimony against a party by its own expert (or even a
co-defendant=s expert) carries more weight than similar testimony from an expert paid
by the other side.  Because of these differences in qualifications and
potential for perceived bias involving testimony on controlling issues, Dr.
Lambert=s testimony would have added
substantial weight to Hooper=s case and thus was not cumulative.  See Benavides v.
Cushman, Inc., 189 S.W.3d 875, 883B84 (Tex. App.CHouston [1st Dist.] 2006, no pet. h.)
(concluding that two experts with similar testimony were not cumulative because
their qualifications were different and one was called adversely by the
plaintiff); Sims, 885 S.W.2d at 454 (AThe difference in the two expert=s [sic] credentials and [the first
expert]=s lack of a personal relationship
with [the plaintiff] in all likelihood would have enhanced [the first expert]=s credibility compared to [the second
expert]=s.@); Dennis, 867 S.W.2d at 52
(finding harm in precluding plaintiff from calling defendant=s former expert as rebuttal witness
because his testimony was non-cumulative and Awould have allowed the jury to know
that at least one previous expert hired by [the defendant] thought that [the
defendant] was at fault to some extent@).  Thus, cumulativeness is not a
legitimate basis for upholding the trial court=s decision to strike Dr. Lambert=s testimony.

4. 
Non-opposition to motion.








The
local rules for the civil district courts of Harris County provide that A[f]ailure to file a response [to a
motion] may be considered a representation of no opposition.@  Harris
(Tex.) Civ. Dist. Ct. R. 3.3.2.  Dr. Pai argues that because Hooper did
not file a written response to his motion to strike, the trial court could have
considered it unopposed and granted the motion on that basis alone.  We reject
this argument.  Dr. Pai=s motion was set for a hearing on three days= notice, and the local rules require
written responses to be filed two days before the hearing.  Harris (Tex.) Civ. Dist. Ct. R. 3.3.3. 
Thus, Hooper would have had the difficult burden of filing a written response
within one day.  Instead, he attended the hearing and contested the motion
orally.  Though no transcription of the hearing is in the record, it is
undisputed that Hooper orally contested the motion at the hearing, so we accept
it as true.  See Tex. R. App. P. 38.1(f). 
The cases Dr. Pai cites involve situations in which the appellants filed no
written response and, unlike here, did nothing to otherwise indicate any
opposition to the motion before it was granted.  See Cire v. Cummings,
134 S.W.3d 835, 844 (Tex. 2004); Indep. Bankers Mortgage Co. v. Osborne,
No. 01-92-00114-CV, 1993 WL 282921, at *2 (Tex. App.CHouston [1st Dist.] July 29, 1993, no
writ) (not designated for publication).  Because Hooper made his opposition
clear at the hearing on this motion, granting the motion solely on the basis
that it was unopposed would have been an abuse of discretion.

                       C. 
Was excluding Dr. Lambert=s testimony
harmful?

Having found no
legitimate basis for the trial court=s exclusion of Dr.
Lambert=s testimony, we
must next determine if that error was harmful.  We conclude that it was.

Cumulativeness is not only a
potential basis for excluding evidence but is also a factor in analyzing harm. 
The erroneous exclusion of evidence that is merely cumulative and does not
concern a material issue dispositive of the case is harmless error.  See
Interstate Northborough, 66 S.W.3d at 220; Knox, 992 S.W.2d at
63.  As discussed above, Dr. Lambert=s testimony was not cumulative
because of the difference in their qualifications[3]
and the fact that he was not retained by the party for whom he would have been
testifying.  See
Benavides,189 S.W.3d
at 883B84; Sims, 885 S.W.2d at 454; Dennis,
867 S.W.2d at 52.  Thus,
the exclusion of his testimony was harmful.

Appellees argue
that excluding Dr. Lambert=s testimony was harmless because Hooper
did not challenge the sufficiency of the evidence to support the jury=s negligence
findings, which they contend are independent bases for the judgment.  Appellees
are correct that a judgment may be affirmed on unchallenged, independent
grounds supporting the judgment.  See Britton v. Tex. Dep=t of Crim. Justice, 95 S.W.3d 676,
681 (Tex. App.CHouston [1st Dist.] 2002, no pet.); Kelly v. Klein,
827 S.W.2d 609, 611 (Tex. App.CHouston [14th Dist.] 1992, no writ). 
However, that rule is inapplicable in this case.  The jury=s negligence
findings are not independent bases to support the verdict but are at the heart
of Hooper=s appeal.  Hooper=s entire point is that the jury might have reached a
different verdict if Dr. Lambert had been allowed to testify, not that there
was insufficient evidence to support the conclusion reached.  We reject
appellees= argument that the trial court=s error in
excluding Dr. Lambert=s testimony was harmless because Hooper
did not challenge the sufficiency of the evidence.








The jury was asked
the broad-form question of whether the negligence, if any, of Dr. Chittaluru,
Dr. Pai, or Hooper proximately caused Hooper=s death. 
Appellees contend the excluded evidence is irrelevant to their negligence
because Dr. Lambert=s deposition testimony does not show either
that Dr. Chittaluru was negligent or that either doctor=s actions
proximately caused Hooper=s death.  Although the majority of Dr.
Lambert=s testimony
focused on Dr. Pai=s negligence, he clearly testified that
Dr. Chittaluru breached the standard of care in her treatment of Hooper=s high blood
pressure.  Dr. Lambert also testified that Dr. Chittaluru=s negligence was Aan issue@ in Hooper=s death, that Dr.
Pai=s negligence was Athe big issue@ in Hooper=s death, and that
Hooper would likely have lived longer had he been treated properly.  Because
Dr. Lambert=s testimony implicated negligence and proximate cause[4]
as to both doctors, it was central to a material issue dispositive to the case,
and thus excluding it was harmful.  See
Interstate Northborough, 66 S.W.3d at 220; Knox, 992 S.W.2d at
63.








Further, appellees
argue that any error was harmless because Dr. Lambert=s testimony would
not have changed the jury=s finding that Hooper was negligent. 
Though Dr. Lambert disapproved of some aspects of Hooper=s behavior and
lifestyle, his testimony was not exclusively critical of Hooper.  For example,
he described instances in which Hooper was not counseled properly on ways to
take care of himself.  Nevertheless, even if Dr. Lambert was entirely critical
of Hooper, excluding his testimony was still harmful.  The jury=s finding that Hooper was negligent
did not automatically bar his recovery, but the findings that Dr. Pai and Dr.
Chittaluru were not negligent did.  If the jury had found that either of the
two doctors was negligent, it would have had to answer the next question, which
would have required it to allocate the percentage of negligence between Hooper
and the doctors.  Because Dr. Lambert=s testimony implicated the negligence
of both doctors, his testimony could have caused the jury to find either or
both of them negligent, which could have changed the ultimate outcome, even if
they still concluded that Hooper was negligent. Accordingly, we find the trial
court=s ruling excluding
Dr. Lambert=s testimony probably resulted in an improper judgment.


                                                    Conclusion

Because we
determine the trial court committed harmful error in excluding Dr. Lambert=s testimony, we
reverse the trial court=s judgment and remand this case for a new
trial.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Opinion on Rehearing filed June 29, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.









[1]  Hooper sued Arvind M. Pai, M.D., P.A.  No jury question was submitted as to the professional association,
and Hooper has asserted no error relating to this.  Thus, this appeal concerns
only Dr. Chittaluru and Dr. Pai.





[2]  We generally may not consider docket entries because
Athey are only made for the clerk=s convenience and are usually unreliable.@  State Farm Fire & Cas. Co. v. Reed, 826
S.W.2d 659, 661 (Tex. App.CHouston [14th
Dist.] 1992), aff=d on
other grounds, 873 S.W.2d 698 (Tex.
1993).





[3]  Dr. Pai argues that excluding Dr. Lambert=s testimony was harmless because Hooper had designated
another cardiologist whom he could have called but did not.  However, even
though Dr. Lambert and the other doctor were both cardiologists, the other
doctor was not retained by the defense, and thus the impact of his testimony
would not have been as significant.





[4]  Dr. Pai and Dr. Chittaluru moved for rehearing,
arguing in part that Dr. Lambert=s
testimony did not establish proximate cause and thus excluding it was
harmless.  They contend that because Dr. Lambert testified only to possible
causes of Hooper=s death and did not definitely state that either
doctor=s conduct more likely than not caused Hooper=s death, his testimony was insufficient to establish
proximate cause and at most, established loss of a chance of living longer,
which Texas law does not recognize as a basis for recovery.  Appellees are
correct that reasonable probability, not mere possibility or loss of a
less-than-even chance of avoiding death, is necessary to establish proximate
cause.  See Park Place Hosp. v. Milo, 909 S.W.2d 508, 511 (Tex. 1995); Bradley
v. Rogers, 879 S.W.2d 947, 953B59
(Tex. App.CHouston [14th Dist.] 1994, writ denied).  However, in
a multiple-expert case, it is not necessary for each expert to independently
establish proximate cause.  Rather, we consider the evidence as a whole, and
expert testimony on possible causes of death is appropriate to assist the jury
in reaching its ultimate conclusion regarding causation.  See Lenger v.
Physician=s Gen. Hosp., Inc., 455 S.W.2d 703, 706B07 (Tex. 1970);
Purina Mills, Inc. v. Odell, 948 S.W.2d 927, 936 (Tex. App.CTexarkana 1997, writ denied); Bormaster v.
Henderson, 624 S.W.2d 655, 659 (Tex. App.CHouston [14th Dist.] 1981, no writ).  Thus, Dr. Lambert did not need to
independently establish proximate cause, and his testimony regarding appellees= roles in Hooper=s
death, in combination with the other expert evidence already admitted, would
have added substantial weight to Hooper=s
case, thereby possibly persuading the jury to reach a different outcome. 
Accordingly, we maintain our conclusion that excluding Dr. Lambert=s testimony was harmful.