**Opinion filed July 24, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00024-CV

_____

## IN THE INTEREST OF J.W., J.W., J.W., & J.R.W., CHILDREN

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. CC2-3260-PC**

## MEMORANDUM OPINION

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father with respect to their children—J.W., J.W., J.W., and J.R.W. The mother filed a notice of appeal. We affirm.

The mother presents two issues for review; both relate to the untimely notice provided by the Department of Family and Protective Services of its intent to seek termination of the mother's parental rights. In the first issue, she argues that the trial court abused its discretion when it failed to enforce a pretrial scheduling order and proceeded with the termination hearing despite the untimely notice. In the second issue, she complains that her rights to procedural due process were violated

by the Department's late notice. The mother does not challenge the sufficiency of the evidence to support the termination of her parental rights.

The record shows that, on January 22, 2013, the Department filed its original petition for protection of the children in which the Department sought conservatorship of the children and termination of the parental rights of both parents.[1] On February 27, 2013, the trial court entered a scheduling order, a pretrial scheduling order pursuant to Rule 166 of the Texas Rules of Civil Procedure, and a temporary order following the adversary hearing. In the scheduling order and the temporary order, the trial court set the dates for the status hearing, the initial permanency hearing, the subsequent permanency hearing, the final trial on the merits, and the dismissal date. *See* TEX. FAM. CODE ANN. § 263.401 (West 2014). In the pretrial scheduling order, the trial court set forth, among other things, the dismissal date, the date for the trial on the merits, various discovery deadlines, the deadline to amend pleadings, and deadlines regarding witness lists and exhibits. All three orders provided that the final trial on the merits was set for January 7, 2014, at 2:00 p.m.

In her first issue, the mother complains that she did not receive proper notice as required by the trial court's pretrial scheduling order. *See* TEX. R. CIV. P. 166 (relating to pretrial scheduling orders). We review for an abuse of discretion the trial court's decision not to sanction the Department for its failure to comply with the pretrial scheduling order. *See Dennis v. Haden*, 867 S.W.2d 48, 51 (Tex. App.—Texarkana 1993, writ denied) (refusal to impose sanctions will be set aside only if the trial court clearly abused its discretion); *see also Koslow's v. Mackie*, 796 S.W.2d 700, 703–04 (Tex. 1990) (trial court has discretion to impose sanctions for party's failure to comply with Rule 166 pretrial order).

---

[1] We note that the original petition as to J.R.W. was filed in March 2013 but that the cases were subsequently consolidated and followed the settings from the February orders.

Relevant to the mother's first issue is the following provision from the pretrial scheduling order:

> **NOTICE OF INTENT TO TERMINATE PARENTAL RIGHTS**: Not later than **180 days from the date of the filing of this suit or the date of the initial permanency hearing, whichever is sooner**, the [Department] shall notify all parties and attorneys, in writing, of its decision whether to pursue termination of parental rights as to either or both parents. If [the Department] modifies the permanency plan to include or exclude termination of parental rights subsequent to this date, [the Department] shall notify all parties and attorneys, in writing, of such modification of the permanency plan not later than the fifth day following the date of the modification of the permanency plan.

It is undisputed that the Department did not comply with this provision. The Department served and filed its notice of intent to terminate "pursuant to" the pretrial scheduling order, but it did not do so until January 2, 2014, five days before the date that had been scheduled for the trial on the merits. Upon commencement of the proceeding on January 7, 2014, the mother's attorney objected that "the Department's notice of intent to terminate [was] not timely filed" and did not give the parents "proper notice to prepare for the termination." The mother's attorney stated, "[The Department's] request to terminate the parental rights of the parents cannot go forward because they have failed to give the attorneys for the parents timely notice." The attorney specifically asserted that the Department's untimely notice failed to comply with the pretrial scheduling order and with the requirements of due process.[2]

Although the mother objected to proceeding with the trial on termination, she did not file a motion for continuance or request an extension of the dismissal date as permitted by statute. *See* FAM. § 263.401. Pursuant to Section 263.401, a

---

[2]In its brief, the Department asserts that the mother failed to preserve her complaint for review because she did not object to "the admission of evidence relevant to the issue of termination of parental rights by making a running objection." We disagree.

trial court is required to dismiss a suit brought by the Department if trial has not commenced by the mandatory dismissal date—here, January 27, 2014—unless an extension has been granted under Section 263.401(b). A trial court may extend the dismissal date and retain the suit on its docket for up to 180 days beyond the original dismissal date under certain circumstances. *Id.* § 263.401(b). In light of the impending dismissal date and the fact that the mother did not request an extension of the dismissal date, we cannot hold that the trial court abused its discretion when it proceeded with the termination hearing and refused to sanction the Department for failing to comply with the pretrial scheduling order. The first issue is overruled.

In her second issue, the mother asserts that her procedural due process rights were violated by the late notice of the Department's plan to seek termination of her parental rights. When the State seeks to permanently terminate the relationship between a parent and a child, it must observe fundamentally fair procedures. *In re E.R.*, 385 S.W.3d 552, 554 (Tex. 2012) (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). "The most basic of these is notice." *Id.* (holding that service of process on parent via newspaper publication violated due process when the State knew the parent's identity and was in regular contact with the parent prior to termination hearing). In the termination context, due process turns on a balancing of three factors: the private interests at stake; the government's interest in the proceeding; and the risk that the procedures used will lead to the erroneous deprivation of parental rights. *In re J.O.A.*, 283 S.W.3d 336, 342 (Tex. 2009); *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 27 (1981); *In re J.F.C.*, 96 S.W.3d 256, 273 (Tex. 2002) (citing *Santosky*, 455 U.S. at 753–54).

In this case, the mother does not complain of the adequacy of service of process, and the record reflects that the mother received numerous warnings placing her on notice that her parental rights were subject to termination by the

trial court. The original petition requested that the mother's parental rights be terminated if reunification with the mother could not be achieved. Reunification with the mother was not achieved at any time during the pendency of this case. The mother's family service plan, which she signed on March 8, 2013, warned the mother, "IF YOU ARE UNWILLING OR UNABLE TO PROVIDE YOUR CHILD WITH A SAFE ENVIRONMENT, YOUR PARENTAL AND CUSTODIAL DUTIES AND RIGHTS MAY BE RESTRICTED OR TERMINATED OR YOUR CHILD MAY NOT BE RETURNED TO YOU." Additionally, the Family Code provides that a trial court, at the status hearing and at each permanency hearing, "shall inform each parent in open court that parental and custodial rights and duties may be subject to restriction or to termination unless the parent or parents are willing and able to provide the child with a safe environment." FAM. § 263.006. The mother appeared in court and was present for these hearings. We note that neither parent appeared for the final trial on the merits even though the final trial on the merits had been scheduled for January 7, 2014, since the trial court's February 2013 orders.

While we agree with the mother that the Department's plan for the children, as shown in the permanency plan, was family reunification, the Department was authorized to alter that plan based upon the best interest of the children and the mother's actions. The Family Code provides that the Department shall modify the permanency plan as required by the circumstances and the needs of the child. *Id.* § 263.3025. That is what occurred in this case. After the October 2013 permanency hearing, the mother failed to stay in contact with the Department, and she stopped complying with her family service plan. Testimony showed that the mother quit going to counseling, quit attending the She's For Sure program, failed to maintain her employment, and did not submit to any drug tests. Based upon the mother's actions, the Department's plan changed from reunification with the

5

mother to termination of the mother's parental rights. The mother had been informed that her failure to comply with the service plan and to provide a safe environment for her children could result in the termination of her parental rights. We hold that the mother's rights to due process were not violated; she had ample notice that the Department had filed a petition to terminate her parental rights and ample notice that the case was set for final trial on the merits on January 7, 2014. The mother's second issue is overruled.

We affirm the trial court's order of termination.


JIM R. WRIGHT

CHIEF JUSTICE


July 24, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.